## CASSIDY v. UNITED STATES.

### No. 5318.

Court of Appeals of District of Columbia.

Argued March 2, 1931.

Decided April 6, 1931.

E. Russell Kelly and Myron G. Ehrlich, both of Washington, D. C., for appellant.

Leo A. Rover, Neil Burkinshaw, and John J. Wilson, all of Washington, D. C., for the United States.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and HITZ, Associate Justices.

MARTIN, Chief Justice.

Appellant was convicted and sentenced in the lower court upon an indictment charging him with the unlawful possession and transportation of intoxicating liquors.

It appears that certain police officers had searched appellant and his automobile, without a search warrant, and found intoxicating liquors on his person and in his car; and that they had seized the liquors and put him under arrest. The present indictment was based upon these facts.

Prior to the trial appellant moved the lower court to suppress for use as evidence the liquors seized from him, alleging that the officers had made the search without probable cause and in violation of his constitutional rights against unreasonable search and seizure under the Fourth Amendment. The motion was overruled, and the liquors in question were introduced in evidence at the trial over appellant's objection and exception.

This ruling gives rise to the only question presented in the present appeal, to wit, whether there was probable cause for the search of Cassidy and his automobile at the time when the search was made and the intoxicating liquors were seized from him and his car.

The law governing such search and seizure has been clearly declared by the Supreme Court of the United States in recent cases. In Carroll v. United States, 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790, the court held that search without a warrant of an automobile, and seizure therein of liquor subject to seizure and destruction under the Prohibition Act, do not violate the Fourth Amendment, if made upon probable cause; that is, upon a belief, reasonably arising out of circumstances known to the officer, that the vehicle contains such contraband liquor. The court further said that a necessary difference was recognized between a search for contraband in a store, dwelling house, or other structure for the search of which a warrant may readily be obtained, and a search of a ship, wagon, automobile, or other vehicle which may be quickly moved out of the locality or jurisdiction in which the warrant must be sought. In Husty v. United States, 282 U. S. 694, 51 S. Ct. 240, 75 L. Ed. ——, the court held that to show such probable cause it is not necessary that the arresting officer should have had before him legal evidence of the suspected illegal act,

but that it is enough if the apparent facts which have come to his attention are sufficient, in the circumstances, to lead a reasonably discreet and prudent man to believe that liquor is illegally possessed in the automobile to be searched.

The record in the present case discloses that there were two officers who acted together in making the search and seizure. One of them testified that he had known Cassidy for a number of years, and five or six years before this transaction had observed him enter a plea of guilty in the police court to a charge of violating the Prohibition Act for which he received a jail sentence; that he had seen Cassidy in the vicinity of the Senate Office building on three or four occasions; that witness had received certain information concerning Cassidy, and had checked and examined the source of the information by personal interview prior to the day of the arrest; that this information was to the effect that Cassidy was a bootlegger and would go to the Senate Office building in the mornings and get his orders and in the afternoons would deliver his orders there; that his informant stated that on one occasion Cassidy had put several packages in his car and then drove a certain distance and stopped the car, removed the upholstery and placed the packages in the rear of the car; that, acting on that information, witness went to the vicinity of Cassidy's house on the day of the search, where he saw his car parked in the rear, but his attention was directed away from Cassidy's house for about five minutes, and when he came back the car was gone; that he then went to the vicinity of the Senate Office building, where he observed Cassidy parking his car; that about that time a street car passed in front of the witness, and, when it had gotten by, Cassidy was out of sight; that a little later he observed Cassidy come out of the Senate Office building, go to his automobile, remove the upholstery in the back of his car, and look about several times, then take a package looking like a pint bottle out of the car and put it in his right hip pocket; that witness then started across the street with another officer and told Cassidy he was a policeman, witness reached in Cassidy's hip pocket and took a pint bottle of colored liquor out of it; that witness then opened the back of Cassidy's automobile, and found the back rest of the car was movable; that witness moved the back out and found two quarts of colored liquor, one quart of gin, and a package which contained two pints. A second officer who assisted in the arrest was examined as a witness, and his testimony corroborated that of the former witness. It was shown by other testimony that the liquors seized by the officers were intoxicating liquors within the National Prohibition Act.

The bare recital of this evidence is sufficient to show that there was probable cause for the search and seizure in this case. The information which the officers had received concerning Cassidy's activities at the Senate Office building which caused them to watch his movements there, Cassidy's furtive conduct in front of that building, his opening of the back of the seat in his car which ordinarily would not be movable, his removal therefrom of a package having the appearance of a pint bottle, his action in placing this in his hip pocket as if to hide it, all taken together would naturally lead a reasonably intelligent and prudent man to believe that Cassidy was engaged in delivering intoxicating liquors in the Senate Office building contrary to law. The motion to suppress the evidence was rightly denied.

The judgment of the lower court is accordingly affirmed.