## AQUILINO v. UNITED STATES.
### No. 5374.

Court of Appeals of the District of Columbia.
Argued Oct. 5, 1931.
Decided Nov. 2, 1931.

922

Harry T. Whelan, William B. O'Connell and Louis L. Whitestone, all of Washington, D. C., for plaintiff in error.

W. N. Baughman, Ass't U. S. Atty., of Washington, D. C., for the United States.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

ROBB, Associate Justice.

Defendant below (plaintiff in error) was convicted in the police court under an information charging him with the unlawful possession of intoxicating liquor, and sentenced to pay a fine of $500.

■ The first question we will consider is whether the court erred in signing the bill of exceptions. The defendant submitted a bill of exceptions, whereupon the United States submitted an amended bill differing from that submitted by the defendant only in the narrative of the testimony of one witness. To this amended bill defendant filed objections of a vague and general character, without specifying wherein it was claimed to be incorrect. The trial court, after hearing, signed the amended bill. Defendant complains because the government, instead of filing objections to the bill submitted by defendant, offered an amended bill. The result was the same, and there was no abuse of discretion by the trial judge.

■ It next is contended that the court erred in overruling the motion to suppress. The police officer, who was the sole witness on this point, testified substantially as follows: That, while standing on the corner of Seventh and F streets southwest on the morning of September 19, 1930, he saw the defendant drive up in front of premises No. 521 Seventh street southwest in a Ford sedan, which he had been informed was used in hauling liquor to and from the premises; that he knew the premises to be a "bootleg joint"; that, after the defendant came to a stop, a white man named Scott, whom witness personally knew to be the bartender of the "bootleg joint," came out; that Scott opened the side door of the car, so that witness saw two packages on the rear seat; upon seeing the witness, defendant and Scott hurriedly entered a grocery store near by, leaving the door of the automobile ajar and the two packages plainly in view. The witness then could plainly see the imprint of six one-half gallon jars in one package and three one-half gallon jars in the other without searching the car; he thereupon followed the defendant and Scott into the grocery store, and, after questioning the defendant about not having a registration card for the car and concerning what the defendant had in the car, placed defendant under arrest for violating the National Prohibition Act (27 US CA).

That the officer had probable cause for the seizure and arrest is too plain to admit of doubt. Carroll v. United States, 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790; Husty v. United States, 282 U. S. 694, 51 S. Ct. 240, 75 L. Ed. 629; Cassidy v. United States, 60 App. D. C. 122, 49 F.(2d) 504.

■ It further is contended that the court erred in refusing to allow defendant to offer proof relative to the illegality of the search and seizure. There is no basis in the record for this contention. The bill of exceptions submitted by defendant recites "that on the 24th day of September, 1930, the defendant filed a motion to suppress the use of evidence herein, which motion was overruled on the 4th day of October, 1930, by Judge Given, to which counsel for the defendant noted an exception," and this statement was repeated in the amended bill of exceptions. Nowhere does it appear that defendant was precluded from offering evidence relative to the alleged illegality of the search and seizure. Judgment affirmed.

Affirmed.