HUSTY ET AL. *v.* UNITED STATES.

No. 477. Argued January 22, 1931.—Decided February 24, 1931.

Mr. *Harold A. Kesler,* with whom *Messrs. John B. Mc-Mahon* and *Percy F. Parrott* were on the brief, for petitioners.

*Mr. Amos W. W. Woodcock,* with whom *Solicitor General Thacher, Assistant Attorney General Youngquist* and *Messrs. Claude R. Branch,* Special Assistant to the Attorney General, *Mahlon D. Kiefer,* and *W. Marvin Smith* were on the brief, for the United States.

698

MR. JUSTICE STONE delivered the opinion of the Court.

Petitioners were convicted in the District Court for Western Michigan upon two counts of an indictment, the first for transporting, and the second for possessing, intoxicating liquors in violation of the National Prohibition Act. They had been apprehended while in an automobile, and arrested without warrant. The officers had searched the automobile, without warrant, and found a quantity of intoxicating liquor, which they had seized. A motion by petitioners to suppress the use as evidence of the information thus acquired, on the ground that the arrest and the search and seizure were illegal, was denied. Each count of the indictment set forth a single offense; and the second, that for possession, alleged two prior convictions of petitioner Husty for unlawful possession. Petitioners were sentenced generally on the indictment, without reference to either count, Husty to five years' imprisonment and to pay a fine of $3000, and Laurel to imprisonment for one year and six months.

In the course of the proceedings before the District Court, petitioners, by appropriate motions and exceptions, challenged the correctness of the order denying the motion to suppress evidence; the sufficiency of the indictment; and the legality of the sentences, the last on the grounds that they were not authorized by the Jones Act of March 2, 1929, c. 473, 45 Stat. 1446, and exceeded the maximum penalties which could be imposed under § 29 of the National Prohibition Act.

The Court of Appeals for the Sixth Circuit, without opinion, affirmed the convictions under both counts and held the sentences to be supported by the convictions upon the second count—that for possession—alone. This Court granted certiorari, on a petition which asked review of the rulings of the District Court which have been

mentioned, the government opposing on the ground, among others, that the sentences were proper under the possession count.

1. In the proceeding to suppress evidence, one of the prohibition officers who made the arrest testified that he had known Husty to be a " bootlegger " for a number of years before the arrest, and had arrested him in 1922 and 1928 for violations of the National Prohibition Act, both arrests resulting in conviction and the second in imprisonment. On the day of petitioners' arrest, the witness had received information over the telephone that Husty had two loads of liquor in automobiles of a particular make and description, parked in particular places on named streets. The witness was well acquainted with his informant, having known him for about eight years, and had come in frequent contact with him in business and socially. The same person had given similar information to the witness before, which had always been found to be reliable. The officer believed the information, and, acting upon it, found one of the cars described, at the point indicated, and unattended. Later, petitioners and a third man entered the car. Husty had started it when he was stopped by the officers. Laurel and the third man fled, and the latter escaped. The officers, believing that the car contained intoxicating liquor, searched it, and found eighteen cases of whiskey.

The Fourth Amendment does not prohibit the search, without warrant, of an automobile, for liquor illegally transported or possessed, if the search is upon probable cause; and arrest for the transportation or possession need not precede the search. *Carroll* v. *United States,* 267 U. S. 132. We think the testimony which we have summarized is ample to establish the lawfulness of the present search. To show probable cause it is not necessary that the arresting officer should have had before him

legal evidence of the suspected illegal act. *Dumbra* v. *United States,* 268 U. S. 435, 441; *Carroll* v. *United States, supra.* It is enough if the apparent facts which have come to his attention are sufficient, in the circumstances, to lead a reasonably discreet and prudent man to believe that liquor is illegally possessed in the automobile to be searched. See *Dumbra* v. *United States, supra; Stacey* v. *Emery,* 97 U. S. 642, 645.

Here the information, reasonably believed by the officer to be reliable, that Husty, known to him to have been engaged in the illegal traffic, possessed liquor in an automobile of particular description and location; the subsequent discovery of the automobile at the point indicated, in the control of Husty; and the prompt attempt of his two companions to escape when hailed by the officers, were reasonable grounds for his belief that liquor illegally possessed would be found in the car. The search was not unreasonable because, as petitioners argue, sufficient time elapsed between the receipt by the officer of the information and the search of the car to have enabled him to procure a search warrant. He could not know when Husty would come to the car or how soon it would be removed. In such circumstances we do not think the officers should be required to speculate upon the chances of successfully carrying out the search, after the delay and withdrawal from the scene of one or more officers which would have been necessary to procure a warrant. The search was, therefore, on probable cause, and not unreasonable; and the motion to suppress the evidence was rightly denied. *Carroll* v. *United States, supra.*

In the course of the hearing on the motion, questions by petitioners seeking to establish the name and identity of the officer's informant, were excluded. Petitioners ask review of these rulings on the evidence, but we do not consider them, since they were not assigned as error on the ap-

peal to the Court of Appeals, and it does not appear that they were presented or passed upon there. *Duignan* v. *United States,* 274 U. S. 195, 200.

2. The indictment is in the form authorized by § 32 of the National Prohibition Act. It charges the transportation of intoxicating liquor as a first offense by both petitioners, and possession as a first offense by Laurel, and as a third offense by Husty, at a named time, and at a place within the jurisdiction of the court. Failure to state more specifically the amount of the liquor, and the time and place of the offenses charged, does not affect the validity of the indictment. It was at most ground for a bill of particulars if timely application had been made. See *Durland* v. *United States,* 161 U. S. 306, 315.

It is urged that the indictment is defective, because it fails to state whether the offenses charged were felonies or misdemeanors, and whether the petitioners were charged with casual or slight violations, or habitual sales of intoxicating liquor, or attempts to commercialize violations of the law, which, petitioners argue, were made new or aggravated offenses by the Jones Act.

But the Jones Act created no new crime. It increased the penalties for " illegal manufacture, sale, transportation, importation or exportation," as defined by § 1, Title II of the National Prohibition Act, to a fine not exceeding $10,000, or imprisonment not exceeding five years, or both, and added as a proviso, " that it is the intent of Congress that the court, in imposing sentence hereunder, should discriminate between casual or slight violations and habitual sales of intoxicating liquor, or attempts to commercialize violations of the law," As the Act added no new criminal offense to those enumerated and defined in the National Prohibition Act, it added nothing to the material allegations required to be set out in indictments for those offenses. The proviso is only a

guide to the discretion of the court in imposing the increased sentences for those offenses for which an increased penalty is authorized by the Act. See *Ross* v. *United States,* 37 F. (2d) 557; certiorari denied, 281 U. S. 767. *McElvogue* v. *United States,* 40 F. (2d) 889; certiorari denied, *post.*

3. The sentence imposed on each of the petitioners exceeded the maximum penalty for illegal possession under § 29 of the National Prohibition Act, which is, for a first offense, $500 fine, and for a third offense, " not less than $500 " fine and not more than two years' imprisonment. As illegal possession is not one of the offenses enumerated in the Jones Act for which increased penalties are provided, and as the sentences imposed exceed any authorized by § 29 of the National Prohibition Act, the court below was in error in holding that they were supported by convictions on the second count, that for possession.

Since the convictions were upheld under the first count, sentences under the Jones Act were authorized, transportation being one of the offenses enumerated in that Act. But the possession alleged in the second count was not in itself necessarily an aggravation of the transportation charge which would warrant heavy sentences under the Jones Act as to either petitioner, and could not be as to Laurel, who, so far as the evidence shows, was a first offender both as to the transportation and possession. While the District Court may have had before it facts other than those appearing of record which it was entitled to consider in imposing sentence under the Jones Act, we think, in view of the confusion which has arisen with respect to the propriety of the sentences under the possession count, that the District Court should be afforded an opportunity in its discretion to resentence the petitioners in the view of the applicable statutes, as stated.

The judgment will be reversed and the cause remanded to the District Court for further proceedings in conformity with this opinion.

*Reversed.*