**170**

## UNITED STATES v. THIEL.

### No. 18627.

District Court, E. D. Michigan, S. D.
Aug. 26, 1931.

Gregory Frederick, U. S. Atty., and Francis X. Norris, Asst. U. S. Atty., both of Detroit, Mich.

Harry S. Bennett, of Detroit, Mich., for defendant.

TUTTLE, District Judge.

This is a motion by the defendant (who was indicted for violation of the National Prohibition Act. [27 USCA] by unlawful manufacture, possession, and maintenance of a nuisance) to suppress certain evidence, consisting of three 300-gallon vats of beer, one 500-gallon cooler of beer, and two half barrels of beer, on the ground that such evidence was obtained by an illegal search and seizure, contrary to the constitutional rights of the defendant. It was alleged in the motion, and not denied by the government, that the United States District Attorney intended to introduce the beer and receptacles just mentioned in evidence on the trial of the defendant under said indictment.

The undisputed facts, as shown by the record, are as follows: On July 26, 1930, at about 4 o'clock a. m., two federal prohibition agents, on approaching the premises of the defendant, consisting of a dwelling house owned and occupied by him as a home, detected a strong odor of beer coming from such premises. Two days later, on approaching the same premises, they again detected the odor of beer coming therefrom, and saw the defendant back his automobile from the garage in the rear of his home to a window in the basement of his house and unload three half barrels from such automobile into the basement. They then immediately looked through another window of this basement, which window was covered with paper, except for a space of about four inches by six inches, and saw a number of half barrels and vats in the basement and a boy washing bottles in one of the vats. Thereupon they immediately arrested the defendant and then forced their way through a door into the basement and seized the beer and articles mentioned.

■■ It is obvious from the foregoing statement of facts that the petition must be denied. Under the settled rule that, where an officer, having reasonable grounds to believe that a person has committed a felony, arrests such person, he is entitled to search for and seize property in the immediate possession or custody of the person so arrested and used by him in connection with the commission of such felony, it is clear that the arrest and resultant seizure here involved were amply justified. Agnello v. United States, 269 U. S. 20, 46 S. Ct. 4, 70 L. Ed. 145, 51 A. L. R. 409; Marron v. United States, 275 U. S. 192, 48 S. Ct. 74, 72 L. Ed. 231; Husty v. United States, 282 U. S. 694, 51 S. Ct. 240, 75 L. Ed. 629; Garske v. United States, 1 F. (2d) 620 (C. C. A. 8); Ramsey v. United States, 27 F.(2d) 502 (C. C. A. 6); Benton v. United States, 28 F.(2d) 695 (C. C. A. 4); Gerk v. United States, 33 F.(2d) 485 (C. C. A. 8); Wisniewski v. United States, 47 F. (2d) 825 (C. C. A. 6).

This rule is so well settled, and its proper application thereof to the facts already stated is so clear, that further discussion is unnecessary. An order will be entered denying the petition.