### SMITH v. UNITED STATES.

### BROWN v. SAME.

#### Nos. 4939, 4940.

Circuit Court of Appeals, Third Circuit.

March 2, 1933.

Louis Halle, of New York City, and Frederic M. P. Pearse, of Newark, N. J., for appellants.

832

Harlan Besson, U. S. Atty., of Hoboken, N. J., and John W. Griggs, Asst. U. S. Atty., of Paterson, N. J.

Before BUFFINGTON and DAVIS, Circuit Judges, and JOHNSON, District Judge.

DAVIS, Circuit Judge.

The defendants, Smith and Brown, were convicted in the District Court upon indictments charging them with possession and transportation of intoxicating liquor in violation of the National Prohibition Act (27 USCA). The defendants were apprehended while driving trucks along a public highway. Customs officers seized their trucks without warrants, found contraband liquor, and placed the defendants under arrest. A motion to suppress the evidence, on the ground that the evidence was obtained as a result of an illegal arrest and search, was made and denied. The cases were consolidated and tried jointly upon stipulation. The defendants complain that the District Court erred in overruling their motion to quash the evidence and entering the judgment of conviction.

About midnight, a customs guard, stationed on a steamship lying in Port Newark, observed a tugboat, without lights, off the forward part of the steamship. He questioned the tugboat, and was told that it was waiting for a tow. The guard's attention was then attracted by "unusual activity" across the creek—the starting of automobiles, blinking of headlights, shouts, and calls. He notified his superior officer by telephone. A squad of customs officers were sent to Port Newark to investigate the report. They were stopped on the public road, at the entrance to the yard of the Submarine Boat Corporation, by a group of men. These men told the officers that they might not enter the yard because it was private property. The four customs officers left their automobile and arrested these men. The leader of the officers entered the yard and found a number of automobiles parked side by side with a crowd gathered about them. Pistol shots were fired by some one in the crowd. The leader arrested some of these men, and another group which arrived at that time in an automobile. He found a pistol concealed in the automobile, and another upon one of the men who was in it. The prisoners were locked in a shack in the yard. The regular watchman of the boat plant was in his shelter, and disclaimed any knowledge of the affair. The leader found a man hiding behind the door in the shanty of the watchman, who said that the man was "not a friend of his."

Some one drove a motortruck, without lights, from the water front of the Submarine plant toward the exit to the public road. The officers attempted to stop the truck, but its driver refused to heed their signals. The leader of the squad gave chase in his automobile, and overtook and stopped the truck. He arrested the driver, Larry Brown, who is one of the two defendants. The truck was driven to a place of safety and searched. It contained intoxicating liquor.

Four other trucks came from the direction of the water front and left the yard of the plant after the first truck was seized. Two of the customs officers, accompanied by local police officers, pursued the trucks and overtook one of them at some distance from the Submarine plant. They recognized the truck and brought it to a halt. The truck was driven by the defendant John Smith, and contained intoxicating liquor.

■ It is true that the customs officers testified that they knew neither what was in the trucks nor that the defendants were committing a crime before they made their search. But the question here is whether or not probable cause existed that enables these officers to justify the seizures. The right to search and the validity of the seizures are not dependent upon the right to arrest. They are dependent upon the reasonable cause the seizing officer has for belief that the contents of the trucks offend the law. Carroll v. United States, 267 U. S. 132, 158, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790; Husty v. United States, 282 U. S. 694, 51 S. Ct. 240, 75 L. Ed. 629, 74 A. L. R. 1407. It is a well-settled rule that an officer may seize an automobile, truck, or vehicle without obtaining a warrant—the measure of legality of such a seizure is that the seizing officer shall have reasonable or probable cause for believing that the automobile which he stops and seizes contains contraband. Carroll v. United States, supra, at page 156 of 267 U. S., 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790. That is the line of distinction between legal and illegal seizures of liquor in transport in vehicles.

■■ Probable cause must be based upon evidence that would lead a man of prudence and caution to believe that the trucks were transporting contraband liquor. Grau v. United States, 287 U. S. 124, 128, 53 S. Ct. 38, 77 L. Ed. ——. The circumstances of this case would justify a prudent and cautious man in believing that intoxicating liquor was being brought into this country. Such sudden activity, after midnight, in the yard of

a legitimate business, closed for the night and located on the water front of a port, is enough to induce the reasonable belief that goods are being smuggled into the country. The evidence was sufficient to cause a reasonably prudent man to believe that the trucks, the first, at least, running without lights, coming from within the yard, must be connected with the illegal importation of liquor. The seizures were justified by the evidence that was in the possession of the customs officers, and the learned District Judge correctly denied the motions to suppress the evidence.

The judgments are affirmed.