## VAN EECKHOUTE v. UNITED STATES.
### No. 10337.

Circuit Court of Appeals, Eighth Circuit.

Nov. 21, 1935.

D. W. Peters, of Jefferson City, Mo., for appellant.

Otto Schmid, Asst. U. S. Atty., of Kansas City, Mo. (Maurice M. Milligan, U. S. Atty., of Kansas City, Mo., on the brief), for the United States.

Before GARDNER, WOODROUGH, and FARIS, Circuit Judges.

WOODROUGH, Circuit Judge.

The appellant was convicted of violating the revenue laws and presents as the sole question for our consideration on his appeal that the alcohol which was received in evidence against him was obtained by illegal search of his automobile.

There was testimony tending to show that George L. Craig, a witness for the government, was an investigator for the Internal Revenue Department and had known of appellant for several years prior to October 5, 1934, although he had never met appellant before the arrest on that date; that an informer from whom the witness had received reliable information on former occasions had given him information to the effect that appellant was delivering liquor in a certain Plymouth coupé, bearing certain license plates, from a certain dwelling house in Jefferson City, Mo.; that subsequent to receiving this information and a few nights previous to the search of the car, the witness and another investigator, one Wheeler, had gone out in an open field behind this house and had watched the place until nearly midnight; that this was on a dark rainy night and the agents were within fifty yards of the house; that while they were watching, a Plymouth coupé made three trips into the place under observation, just driving in and stopping a few minutes and then leaving. Mr. Craig also testified that from where Mr. Wheeler and he watched this house they could smell the odor of whisky. The house was not appellant's home, and was vacant in the sense that no one was dwelling in it. That on the night of the search, October 5, 1934, Mr. Wheeler and the witness parked their car in a ball park in the vicinity of the house and waited approximately forty-five minutes, when a Plymouth coupé corresponding to the car described by the informer was driven up to where Monroe street entered the ball park, the occupants of the car turned out the lights, leaving the motor running, and waited until another car which was in the adjacent service station had been serviced and driven away; then this Plymouth coupé was driven in past the brick house described by the informer. The agents then started their car and drove out into Monroe street and started down to the filling station, but before arriving at that point the Plymouth coupé had come out again and met the agents' car. The agents stopped the car which was driven by the appellant and the witness walked up to it, and after reaching the car observed the top of a half-gallon jug protruding from a paper sack in the car. Although not in possession of a search warrant, the agents proceeded to search the car,

and found a five-gallon can of alcohol and four empty cans and a carton of empty oak chip boxes in the back end. The jug observed by the witness in the front of the car was empty, but he testified that he could detect the odor of whisky coming from it. The appellant was arrested, and he and the car were taken back to the house the agents had been watching, and from which, as they were informed, alcohol was being hauled.

The trial court, on motion to suppress, eliminated all evidence discovered in the subsequent search of the house, but refused to suppress the alcohol found in the car.

We think the circumstances and the conduct of the appellant brought to the attention of the officers were such as to cause a reasonably discreet and prudent man to believe that the appellant was unlawfully concealing and transporting contraband liquor in his automobile, and that the search of the vehicle was not an unreasonable one. The motion to suppress the alcohol seized upon search of the car was properly overruled, as was the objection to its introduction in evidence against the defendant. Husty v. United States, 282 U. S. 694, 51 S. Ct. 240, 75 L. Ed. 629, 74 A. L. R. 1407; Carroll v. United States, 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790; Kaiser v. United States (C. C. A.) 60 F.(2d) 410.

The conviction was right, and is affirmed.