## UNITED STATES v. AUSTIN.
### No. 9294.

District Court, M. D. Pennsylvania.
May 9, 1938.

Frederick V. Follmer, U. S. Atty., of Milton, Pa.

Charles M. Bowman, of Wilkes-Barre, Pa., for defendant.

JOHNSON, District Judge.

This is a motion by the defendant to suppress and return certain evidence alleged to have been illegally obtained.

The testimony shows that two agents of the Federal Alcohol Tax Unit had received information that certain premises located in Wilkes-Barre, Pa., were being used as a distribution point for tax unpaid liquors. On June 23, 1936, the agents saw an automobile in front of the premises. This car was operated by the defendant, who was known to them to have been engaged in the illegal liquor trade. While the agents were observing the car, another person came out of the premises and handed a carton to the defendant. This carton was partly wrapped in brown paper. The agents testified that when the carton was handed through the window of the automobile to the defendant, it was tipped sufficiently so that they could see that it contained a tin can of the size and shape of five-gallon cans used to transport tax unpaid alcohol. The testimony further showed that immediately after this carton was handed to the defendant, one of the agents approached the automobile and identified himself as a federal officer. As the agent attempted to board the car, however, the driver drove the car in reverse at a high rate of speed and the agent was thrown from the running board. The agents pursued the defendant and overtook him after the car had been backed into a fence, and the defendant had fled on foot. The agents testified that when the defendant was overtaken he said: "God, fellows, don't take me. This will ruin me. I got a year suspended sentence hanging on me now." The defendant then according to the testimony of the agents admitted that he had tax unpaid alcohol in the car and opened the car door and showed the agents that he was only carrying one five-gallon can. There was further evidence that this can was the same package that was handed to the defendant in front of the premises where the agents first saw him. After the defendant opened the door of the automobile he was arrested and the tax unpaid alcohol was seized without a warrant.

■ The question is whether, under the circumstances, the agents had sufficient probable cause to believe at the time of the seizure that the defendant was transporting alcohol on which the tax imposed by law had not been paid. Husty v. United States, 282 U.S. 694, 51 S.Ct. 240, 75 L.Ed. 629, 74 A.L.R. 1407.

■ The facts surrounding the arrest and seizure, particularly defendant's flight and his admissions to the agents, were sufficient to provide reasonable cause to believe that the defendant was transporting tax unpaid alcohol. Rodrigues v. U. S., 5 Cir., 80 F.2d 646; Hilt v. U. S., 5 Cir., 12 F.2d 504.

The search was therefore based on probable cause, and not unreasonable; and the motion to suppress and return the evidence must be denied. Hartley v. United States, supra.

And now, May 9, 1938, the rule to show cause granted on defendant's motion is discharged.