**JONES v. UNITED STATES (two cases).**

**Nos. 2483, 2484.**

Circuit Court of Appeals, Tenth Circuit.

Oct. 28, 1942.

Luther Bohanon, of Oklahoma City, Okl. (Bohanon & Adams, of Oklahoma City, Okl., on the brief), for appellants.

William W. Godlove, Asst. U. S. Atty., of Lawton, Okl. (Charles E. Dierker, U. S. Atty., of Oklahoma City, Okl., on the brief), for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

BRATTON, Circuit Judge.

The grand jury in the United States Court for Western Oklahoma indicted Earl William Jones and Leo Jones on two counts. The first count charged that they entered into a conspiracy to transport intoxicating liquor into Oklahoma—the sale of such liquor, except for scientific, sacramental, medicinal, or mechanical purposes being prohibited by the laws of that state —in violation of section 3 of the Liquor Enforcement Act, 49 Stat. 1928, 27 U.S.C.

A. § 223; and the second count charged that they transported approximately ten cases of assorted whiskey into Oklahoma. Earl Jones was convicted on both counts, and Leo Jones was convicted on the first and acquitted on the second. Both appealed.

Inspectors of the Alcohol Tax Unit of the Treasury Department searched an automobile being driven by Earl Jones and found intoxicating liquor in it. The search was made without a search warrant, and the liquor was seized. A motion seasonably made to suppress all evidence relating to the search and seizure was denied and the evidence admitted. That action of the court is challenged. The Fourth Amendment to the Constitution of the United States guarantees against unreasonable searches and seizures, and it should be liberally construed to reasonably safeguard the right of privacy. Byars v. United States, 273. U.S. 28, 47 S.Ct. 248, 71 L. Ed. 520; United States v. Lefkowitz, 285 U.S. 452, 52 S.Ct. 420, 76 L.Ed. 877, 82 A. L.R. 775; Sgro v. United States, 287 U.S. 206, 53 S.Ct. 138, 77 L.Ed. 260, 85 A.L.R. 108.

This constitutional provision brings within its sweep the indiscriminate stopping and searching of automobiles on the highways on the mere chance that they contain contraband liquor. But an automobile may be searched without a search warrant on probable cause, that is where the searching officer has such information as would cause a reasonably discreet and prudent person to believe in good faith that it is being used to transport intoxicating liquor in violation of law. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L. Ed. 543, 39 A.L.R. 790; Husty v. United States, 282 U.S. 694, 51 S.Ct. 240, 75 L.Ed. 629, 74 A.L.R. 1407; United States v. One 1937 Model Studebaker Sedan, 10 Cir., 96 F.2d 104.

The sale of intoxicating liquor was permitted in Texas but forbidden in Oklahoma, except in circumstances not pertinent here. Electra, Texas, is located near the line between the two states. The accused were associated together in the conduct of a liquor package store at Electra. There was a garage at the rear of the store. Inspectors for the Alcohol Tax Unit had the premises under surveillance from time to time for approximately three months prior to the time of the search

and seizure in question. On three or four separate occasions during that time they observed an automobile drive into the garage and later leave and start in the direction of Oklahoma; and these automobiles were apprehended after they crossed into Oklahoma and were found to contain contraband liquor. With knowledge of these antecedent facts, on the day in question two inspectors observed a LaSalle automobile owned by one of the accused parked at the side entrance to the store and a Ford coach bearing Oklahoma license plates in the driveway leading to the garage. They watched the premises for about two hours, and then went out on the highway leading toward Oklahoma. It was then about 5 o'clock in the afternoon. After waiting a while they started back toward Electra. They met the LaSalle being driven by Leo Jones and the Ford being driven by Earl Jones. The LaSalle was in front. The inspectors turned around and followed. At a point two or three miles from the Red River bridge across the state line, the accused turned off the highway onto a dirt road which was a short-cut to the bridge. The officers speeded up, crossed the state line, went into the town of Davidson, Oklahoma, parked their car at a vantage point, and waited. In a few minutes the LaSalle came over a hill and into the town, retraced its course, pulled over to the side of the road, and stopped near the crest of the hill. At about that time the Ford came up the hill and continued on to the town. When it passed the officers they pulled onto the highway and proceeded to give chase. The LaSalle followed the officers through the town and along the highway back to the bridge. The officers pursued the Ford through the town, back across the bridge, and into Texas. The chase covered about thirty miles. Immediately after it started, Earl Jones accelerated the Ford to a high speed, at times sixty, at times seventy, and at times one hundred miles per hour. He left the highway at times, turned into secondary roads, and zigzagged across fields. Throughout the chase the officers had the siren on their automobile sounding. Finally the officers crashed into the Ford and stopped it. They found that it was equipped with a supercharger, that the heads had been blown off the cylinders, and that more than thirty gallons of assorted liquors were locked in a trunk at the rear. In view of the knowledge and information which the officers had previously acquired, in view of the significant and suspicious facts immediately preceding the chase, and in view of the significant and suspicious facts and circumstances connected with the chase itself, it is plain that at the time of the search and seizure the officers had information which would cause a reasonably discreet and prudent person to believe in good faith that the automobile was being used for the unlawful transportation of liquor into Oklahoma. Therefore, the search and seizure did not impinge upon the Fourth Amendment. Carroll v. United States, supra; Husty v. United States, supra. It follows that the court providently denied the motion and admitted the evidence.

The remaining contention, advanced by Earl Jones, is that there was no competent legal evidence to sustain his conviction on the second count of the indictment. This contention is based upon the postulate that the search and seizure were illegal and the evidence relating thereto incompetent. Since we have reached the conclusion that the search and seizure were not illegal and that the evidence was competent, the contention must fail.

The judgments are severally

Affirmed.