## ALBERTY v. UNITED STATES.
### No. 2638.

Circuit Court of Appeals, Tenth Circuit.

Feb. 19, 1943.

Frank Leslie, of Tulsa, Okl., for appellant.

Whit Y. Mauzy, U. S. Atty., and Wm. Knight Powers, Asst. U. S. Atty., both of Tulsa, Okl., for the United States.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge.

John T. Alberty was convicted and sentenced on an indictment containing two counts charging violations of 26 U.S.C.A. Int.Rev.Code § 2803. The first count charged unlawful possession of nontax-paid distilled spirits. The second count charged unlawful transportation of nontax-paid distilled spirits.

The only error urged is predicated on the trial court's denial of a motion to suppress certain evidence.

Two investigators of the Alcohol Tax Unit were watching a house located at 1332 West 18th Street in West Tulsa, Oklahoma. They observed that persons were going into the house and coming out therefrom in a drunken condition. On May 2, 1942, they observed Alberty leaving the house traveling in an automobile and going to a shack in the 1100 block on West 18th Street, West Tulsa, Oklahoma, a place where the investigators knew whiskey was being sold wholesale. Alberty left his automobile and went into the shack and came out with a brown sack shaped like a gallon jug. They followed him to 1332 West 18th Street. Before the search was made, one of the investigators asked him how much whiskey he had and Alberty replied that he had "just one gallon." They then removed the package from Alberty's automobile and found that it contained one gallon of whiskey in a jug which did not bear any Internal Revenue stamps.

The investigators knew that Alberty had theretofore been engaged in the "whiskey business."

The right to search Alberty's automobile depended on whether the officers had reasonable cause to believe that the automobile contained distilled spirits which offended against the law.[1] Here, the facts warranted the officers in believing that Alberty was selling whiskey unlawfully.[2] They saw him go to a source of supply and return with a package that had the appearance of a gallon jug. They made inquiry of him about whiskey and he replied that he had one gallon of whiskey. Stamp-paid whiskey is not ordinarily placed in gallon containers. The surrounding circumstances warranted them in concluding that it was not stamped and justified the search of the automobile and the seizure of the whiskey.

Affirmed.

[1] Jones v. United States, 10 Cir., 131 F.2d 539, 541; Husty v. United States, 282 U.S. 694, 700, 51 S.Ct. 240, 75 L.Ed. 629, 74 A.L.R. 1407; Scher v. United States, 305 U.S. 251, 255, 59 S.Ct. 174, 83 L.Ed. 151.

[2] The sale of whiskey for beverage purposes is prohibited in Oklahoma. Okl. St.1941, Tit. 37, § 1.