**UNITED STATES of America**
v.
**John B. JACKSON.**
No. 24–58.

United States District Court
District of Columbia,
Criminal Division.
March 17, 1958.

Thomas Flannery, Asst. U. S. Atty., Washington, D. C., for plaintiff.

J. Leon Williams, Washington, D. C., for defendant.

YOUNGDAHL, District Judge.

This case was heard without a jury after defendant voluntarily, with the consent of the government, waived his right to a jury trial.

Counsel has renewed his motion, made before trial, to suppress the evidence obtained from the defendant alleging that the defendant's arrest was without probable cause and, therefore, the subsequent search incident to the arrest was illegal. The Court agreed to hear the motion again and permitted testimony to be introduced on this issue.

The Court is of the opinion that this case is controlled by the cases of Wrightson v. United States[1] decided by the Court of Appeals for the District of Columbia very recently. In these cases the Court of Appeals made a distinction between information gained from an anonymous tip[2] and that gained from a reliable informant whose identity is known to the police. In the earlier of the two Wrightson cases, testimony at the trial established that Wrightson was arrested and then his room and person searched on the basis of a tip from an unknown informant. The Court of Appeals held that the arrest was illegal, since probable cause had not been established, and it, therefore, suppressed the evidence. At the retrial of Wrightson, the matter of the informant was gone into more thoroughly. The arresting officer testified that the informant was someone whom he knew and in whom he had confidence and on the basis of this he arrested Wrightson. The Court of Appeals affirmed, holding that there was probable cause.

In the present case, Officer Krenitzky testified that he had known the informer for six years and had received information from him in the past on many occasions, both in narcotics and other matters. He had found the informer to be reliable.

Also the police had independent knowledge, based on their observation of the defendant, of narcotics activities.

When the informer telephoned, he identified the defendant by name and said he was leaving the house right away with narcotics on his person. The police hurried to the scene and within fifteen

1. Wrightson v. United States, 1956, 98 U. S.App.D.C. 377, 236 F.2d 672, 673; Id., 1955, 95 U.S.App.D.C. 390, 222 F.2d 556.

2. See also Contee v. United States, 1954, 94 U.S.App.D.C. 297, 215 F.2d 324.

minutes from the time of the phone call the defendant was seen coming from the house and was arrested. The search incident to the arrest disclosed that the defendant had on his person one capsule of heroin, two hundred empty capsules, and heroin in powder form sufficient to fill slightly over two hundred capsules. It is apparent that the police officers did not have time to seek and obtain a warrant for the arrest and search of the defendant.

The Court is of the opinion that probable cause has been established[3] and therefore the arrest and subsequent search was valid.

The motion to suppress is denied.

After a careful review of the evidence the Court finds that the defendant is guilty on both counts of the indictment.

3. A similar situation was sustained also in Draper v. United States, 10 Cir., 1957, 248 F.2d 295 and Husty v. United States, 1930, 282 U.S. 694, 51 S.Ct. 240, 75 L. Ed. 629.