**UNITED STATES of America,**
**Plaintiff,**

v.

**Brawley GREGG et al., Defendants.**

**Crim. A. No. 381–59.**

United States District Court
D. New Jersey.
March 10, 1960.

Chester A. Weidenburner, U. S. Atty., by Daniel E. Isles, Asst. U. S. Atty., Newark, N. J., for plaintiff.

Mylod & Mylod, by Philip J. Mylod, Newark, N. J., for defendants.

HARTSHORNE, District Judge.

Defendants, Gregg and Hart, have been indicted for the illegal transportation of untaxed distilled spirits. They now move, under Rule 41(e) F.R.Cr.P., 18 U.S.C.A., to suppress the evidence seized after an arrest and search by Alcohol and Tobacco Tax Agents of the Treasury Department. The defendants contend that the search was in violation of the Fourth Amendment to the Constitution in that no warrant for the arrest or search was obtained by the Government Agents and probable cause for the apprehension and search without a warrant did not exist.

The facts, as stipulated by counsel for plaintiff and defendants, are as follows:

The Government Agents who apprehended defendants, Gregg and Hart, had been keeping defendant Gregg under surveillance for a period of time. They had witnessed a sale of untaxed alcohol by defendant Gregg to a Government informer on an earlier occasion. This same Government informer notified the Government Agents on August 5, 1959 that the defendants were headed south to pick up some alcohol and were due to return on the weekend, approximately the 8th or 9th of August, via Route 1 or Route 27, and that they would be coming through the Princeton area. The informer had previously given similar information to these Treasury Agents which had proven reliable at all times. On Friday, August 7, 1959, the Agents spotted the defendants heading north on Route 27. The Agents also recognized the car as being the identical car that Gregg had used in carrying out the illicit sale which had previously been witnessed. The Agents further noted that the car appeared heavily weighted and that the side rear windows on both sides of the car were covered by hanging clothing, thereby obscuring a view into the rear seat. The Agents finally stopped the car in the vicinity of Kingston, New Jersey, apprehended the two defendants, looked at the car, then searched the trunk and uncovered the alcohol. They then went into the rear seat and under a blanket found additional alcohol. It is also established that the Government Agents had on one previous occasion, in response to a tip, waited for an entire weekend for Gregg on one of either Routes 1 or 27, and had missed Gregg because he had taken the alternate route. It is also established that Gregg has one conviction in New Jersey and one in North Carolina for illicit alcohol activities. Hart has no prior record.

The defendants contend that (1) a warrant could have and should have been obtained for the search in question, and (2) even if a warrant were not required, probable cause did not exist to search without a warrant.

Preliminarily, there is the question of whether the arrest or the search occurred first. It would appear that the arrest came first. In Henry v. United States, 1959, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134, the Supreme Court indicated that on similar facts as to the apprehension and searching of the vehicle the arrest occurred first.

It has been long established that a warrant is not necessary where a moving vehicle is apprehended and the arrest and search are based upon probable cause. Carroll v. United States, 1925,

267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543. The reason for not requiring a warrant would appear quite clear. If a warrant were necessary, law enforcement authorities would be unable to apprehend anyone suspected of being involved in illicit activities who is operating a car, because by the time a warrant was secured the suspects, by the use of their car, would be miles from the scene. Thus *Carroll*, supra, adopts the view that a warrant in such situations can be dispensed with.

█ Here, however, defendants claim that the Agents had advance notice of their return and the probable route they would take, and therefore should have secured a warrant in advance. However, the exact day of the defendants' return from the south was not known. The informer had indicated it would be the 8th or 9th of August. As it turned out, it was the 7th of August. The exact route was not known. There was a possibility of either of two routes being used. In addition, there was no way for the Government Agents to be sure just where they would finally overtake and apprehend the defendants in their vehicle. They were finally overtaken in the vicinity of Kingston, which is north of Princeton where they had been awaiting the defendants. Furthermore, the Agents had no way of knowing who, if anyone, besides Gregg would be involved. It was not until the Agents saw the heavily weighted vehicle, with the windows obscured, that convincing corroboration of the informer's tip became evident. At that time it was, of course, too late to get a warrant, and it was at that moment that the Agents were of the opinion that they were witnessing the commission of a felony. This lack of certainty as to individuals and the actual commission of the offense prior to their own observation clearly fits into the rationale upon which the *Carroll* rule is based. In Draper v. United States, 1959, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327, the Government Agents had one day advance notice and in fact it was two days before the arrest was made. No warrant was required because in such case, as in the instant case, there was a lack of certainty as to whether the description and demeanor of the individual being sought would in fact corroborate the tip. Also, the arrest was lawful because made on probable cause, which properly included hearsay, and the search was incident to the arrest. In Husty v. United States, 1931, 282 U.S. 694, 51 S.Ct. 240, 75 L.Ed. 629, the car in question was parked. Yet a warrant was not required because the Court there indicated that the Agents had no way of knowing when Husty would reappear and drive the car away and it would be quite possible that while the warrant was being secured the car would be driven away and be miles from the scene in short order.

█ Furthermore, although the Agents had time to secure a warrant for the arrest of Gregg or for a search of the vehicle, that does not mean that the arrest or search was invalid. If the Agents had probable cause to believe that a felony was being committed in their presence, then they could make an arrest without a warrant, despite the practicability of securing one. Draper v. United States, supra; Trupiano v. United States, 1948, 334 U.S. 699, at page 705, 68 S.Ct. 1229, at page 1232, 92 L.Ed. 1663. The search, being incident to the arrest and involving the car in which the defendants were driving, and therefore being within their immediate and complete control, would also be proper if the arrest was valid. United States v. Rabinowitz, 1950, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653.

In the instant case, securing a warrant of arrest without the certainty of knowing the time or place that the defendants would appear, nor just where the moving vehicle would finally be overtaken, nor exactly who else, if anyone, besides Gregg was involved, makes it unnecessary for a warrant to have been

secured, if the Agents had probable cause to believe a felony was being committed in their presence.

■ Thus the final question remains whether probable cause existed for the Agents to apprehend the defendants and search the vehicle. If it did, then the evidence should not be suppressed.

On the facts before this Court it is clear that probable cause did exist. A careful review of the cases leads to no other conclusion.

The criterion for holding probable cause is, as stated in Husty v. United States, supra, 282 U.S. at page 701, 51 S.Ct. at page 242,

"It is enough if the apparent facts which have come to his attention are sufficient, in the circumstances, to lead a reasonably discreet and prudent man to believe that liquor is illegally possessed in the automobile to be searched."

In that case the Government Agents knew of Husty's activities as a bootlegger and had received a tip from a reliable informer. This was held to be sufficient to show probable cause. In Brinegar v. United States, 1949, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 the Government Agents knew the defendant to be a bootlegger and had in fact arrested him on a prior occasion. They had also on prior occasions seen the defendant loading excessive amounts of liquor into the trunk of his car. On the day in question the Agents saw the same defendant drive by with the same car and that car appeared heavily weighted and was coming from the direction of Missouri, a wet state, and was then within the borders of Oklahoma, which was a dry state. There the Court held that probable cause existed. In Draper v. United States, supra, a tip from a reliable informer, coupled with a detailed description of the defendant by the informer, was all the information which the Narcotics Agents possessed. Yet the Supreme Court held this was enough to constitute probable cause. In the present case there was not only the tip of a reliable informer, but also the prior witnessing of an illicit sale by this defendant Gregg, and by the very Agents who made the arrest and search in question. The Agents recognized the same individual and the same car. They also noted the apparently heavily weighted car. This undoubtedly would lead " * * * a reasonably discreet and prudent man to believe that liquor is illegally possessed in the automobile * * * ", Husty v. United States, supra.

Defendant contends that Henry v. United States, supra, makes for a different outcome. In that case the Supreme Court did not alter the requirements for probable cause to arrest and search without a warrant, but simply stated that some suspicious circumstances, coupled with rumors advanced by a stranger, did not constitute probable cause. The facts in the instant case are much stronger than those in the Henry case.

While the Henry case puts law enforcement authorities on notice that they must act in a discreet manner based on sound information, it does not bar such authorities from taking action when the facts are clear and reliable information has been presented to them. In short, Henry does not detract from the principles of Husty, Brinegar and Draper. The facts in this case are as strong as, if not stronger than, those in Brinegar and Husty, and certainly more convincing than the Draper situation. This being the case, defendants' motion to suppress this evidence is denied. An order may be entered accordingly.