**UNITED STATES of America,**
**Appellee,**

v.

**Elzia Lee WILLIAMS, Appellant.**

**No. 11585.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 5, 1967.

Decided Oct. 31, 1967.

Harrell Powell, Jr., Winston-Salem, N. C. (White, Crumpler, Powell & Pfefferkorn, Winston-Salem, N. C., on brief), for appellant.

William H. Murdock, U. S. Atty. (H. Marshall Simpson, Asst. U. S. Atty., on brief), for appellee.

Before BOREMAN, CRAVEN and BUTZNER, Circuit Judges.

PER CURIAM:

Elzia Lee Williams was convicted of removing, concealing, possessing and transporting whiskey in violation of 26 U.S.C. §§ 5205(a) (2), 5601(a) (12), 5604(a) (1). Challenged on appeal is the legality of the search for, and seizure of, the contraband whiskey which provided the evidence on which his conviction was based. We affirm.

Police officers were advised by an informant who had provided them with information in the past which had proved reliable that on the following morning Williams would make a delivery of whiskey in his automobile from a particular address. Williams was known to the officers personally and they had previous reports concerning his alleged activities in selling illicit whiskey. On the morning in question they observed him approach the house and depart therefrom within a very short time in his automobile. Immediately thereafter they stopped the car, searched it, found the whiskey in the trunk and arrested Williams.

The Fourth Amendment does not prohibit the search of an automobile for illegal whiskey if the search is made upon probable cause, even though no warrant has been obtained. Husty v. United States, 282 U.S. 694, 51 S.Ct. 240, 75 L. Ed. 629 (1931); Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed 543 (1925). Clearly the officers had prob-

able cause to search the automobile. *Husty*, supra; see Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959).

Williams argues that even if probable cause for search of the automobile existed, the officers had sufficient time to obtain a search warrant and their failure to do so invalidated the search. However, the record does not show that corroborative facts sufficient to constitute probable cause. for the. issuance of a search warrant for the automobile were known to the officers prior to the time they saw Williams visit the address given by their informant. At that point they could reasonably have anticipated that he might depart at any moment. Under such circumstances it was reasonable for them to conduct the search without a warrant. See *Husty*, supra.

Affirmed.