**PEPPERS et al. v. UNITED STATES.**

**No. 13890.**

United States Court of Appeals
Eighth Circuit.

July 22, 1949.

C. Floyd Huff, Jr., Hot Springs, Ark., for appellants.

David R. Boatright, Assistant United States Attorney, Fort Smith, Ark. (R. S. Wilson, United States Attorney, and Charles A. Beasley, Jr., Assistant United States Attorney, Fort Smith, Ark. on the brief), for appellee.

Before SANBORN, WOODROUGH, and JOHNSEN, Circuit Judges.

SANBORN, Circuit Judge.

On June 3, 1948, at about 10:30 P.M., the defendants (appellants) were driving a truck on United States Highway No. 70, near Hot Springs, Arkansas. The truck contained sixty gallons of non-tax-paid whiskey. The defendants were stopped by federal officers(Investigators of the Alcohol Tax Unit of the Treasury Department). The officers had no search warrant, but searched the truck, seized the whiskey, and arrested the defendants. The defendants were subsequently indicted for the possession, removal and concealment of non-tax-paid liquor. 26 U.S.C.A. § 2803, § 2913, and § 3321. They moved the District Court to suppress the evidence as having been secured through an unlawful search and seizure, in violation of the Fourth Amendment to the Constitution of the United States. The motion was denied. They waived trial by jury, and were tried, convicted and sentenced by the court. By this appeal they challenge the validity of the search and seizure.

Their contention is that the officers, when they searched the truck and seized the liquor, had no reasonable grounds for believing that the truck contained contraband liquor. The District Court thought otherwise. The evidence adduced upon the hearing of the motion was that on June 3, 1948, the officers had received information that the defendant Austin Peppers, who had a reputation as a liquor law violator, was going to bring a load of

434

liquor into Hot Springs in the afternoon of that day, and that he would be using Highway 70 or Highway 270, which joined "out west of town"; that the officers stationed themselves at the junction; that at about three o'clock in the afternoon they saw Austin Peppers leave town in his truck, in which were a number of cartons; that he apparently saw the officers; that he was not seen by the officers to return to Hot Springs with his truck that afternoon; that at about ten o'clock that night the officers drove past Peppers' home and observed that his truck was not in sight; that they went out Highway 70, parked along the road where they could observe traffic coming into Hot Springs; that presently the Peppers truck passed them, headed toward Hot Springs; that they followed the truck and in the glare of their headlights could see, through the slats of the truck body, what appeared to be the same crates or cartons which they had observed in the truck early in the afternoon, but with two 5-gallon jugs in each crate which was visible; that there was a tarpaulin over most of the crates, but two or three were exposed; that the officers stopped the truck; that Austin Peppers was driving and Roy Peppers was sitting with him; that, before searching the truck, one of the officers asked Austin how much he was hauling, and he said "sixty gallons"; that the officers found twelve 5-gallon jugs of contraband whiskey in the truck.

The defendants contend that between the time the officers received the information upon which they acted and the time they made the search and seizure, they could, and should, have procured a search warrant. A similar contention was overruled in Husty v. United States, 282 U.S. 694, 701, 51 S.Ct. 240, 75 L.Ed. 629, 74 A.L.R. 1407. Those in the illicit liquor traffic seldom operate upon a fixed schedule, or at least they issue no time-tables.

The question whether the officers had probable cause to believe that liquor would be found in the truck of the defendants was, under the evidence adduced at the hearing of the motion to suppress, a question of fact for the trial court and not a question of law for this Court. See and compare, Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, 39 A.L.R. 790; Husty v. United States, 282 U.S. 694, 51 S.Ct. 240, 75 L.Ed. 629, 74 A.L.R. 1407; Scher v. United States, 305 U.S. 251, 59 S.Ct. 174, 83 L.Ed. 151; Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302; Nichols v. United States, 8 Cir., 176 F.2d 431.

The judgment appealed from is affirmed.