**BRADFORD v. UNITED STATES.**
**SPIVEY v. UNITED STATES.**
Nos. 11372, 11373.

United States Court of Appeals
Sixth Circuit.
Dec. 3, 1951.
Rehearing Denied Feb. 5, 1952.

C. P. J. Mooney, Memphis, Tenn. (C. P. J. Mooney, Memphis, Tenn., Hugh L. Clarke, Brownsville, Tenn., on the brief), for appellants.

Thomas C. Farnsworth, Memphis, Tenn. (John Brown, Thomas C. Farnsworth, and Charles G. Black, all of Memphis, Tenn., on the brief), for appellee.

Before HICKS, Chief Judge, and ALLEN and MILLER, Circuit Judges.

HICKS, Chief Judge.

Each appellant was charged in an indictment containing three counts with a violation of Sections 2803(a), 2913 and 3321, Internal Revenue Code, 26 U.S.C.A. §§ 2803(a), 2913, 3321, with transporting, possessing, removing and concealing distilled spirits upon which the taxes imposed by the Internal Revenue laws had not been paid. They each pleaded not guilty and by consent they were tried together to the court without the intervention of a jury. They were convicted, hence this appeal.

There was a joint motion to suppress evidence and it was agreed that the evidence introduced and heard could be considered on both the motion to suppress as well as on the trial on its merits.

The motion to suppress the evidence was denied and the crucial question here is, whether it should have been sustained.

The court on request of the Government made a special finding of facts. Rule 23(c), Rules of Criminal Procedure, 18 U.S.C.A. It denied a request for findings made by appellants.

The facts as found by the court and supported by the record are as follows:

C. H. Hynds was an Investigator for the Alcohol Tax Unit of the United States Treasury. He was charged with the enforcement of the Internal Revenue laws relating to alcoholic beverages. His duties included the investigation of the manufacture and transportation of non-tax paid whiskey. In December 1950 he had occasion to investigate the purported transportation of non-tax paid whiskey in the Eastern Division of the Western District of Tennessee and he had information concerning the purported activity in this respect of appellant Bradford. Hynds testified that on December 11, 1950 he was introduced by an informer to Bradford, who stated in his presence, that he could sell from 50 to 100 gallons each week of non-tax paid whiskey in Brownsville, Haywood County, Tenn., where he, appellant Bradford lived, provided he could obtain that quantity. Hynds further testified that on the afternoon of December 14, 1950 between 3:00 and 4:00 o'clock, another informer telephoned him

that Bradford was supposed to come to Madison County to get some whiskey; that the informer understood that he was to come from Brownsville to Medon to get a load but he did not tell Hynds how he knew that Bradford would be transporting liquor that night, nor did Hynds ask the informer how he had acquired such knowledge. Hynds testified that he regarded this information as reliable because it came from a source that had been proven reliable on former occasions; that he thereupon called Donald E. Gresham, an Investigator of the Alcohol Division of the Department of Finance and Taxation of the State of Tennessee, and that the two arranged to meet the informer and make an investigation that night; that they drove out along the Stage Road south of Jackson to a point near the Mount Tabor Church, where they were to meet the informer; that they stopped near the church shortly before 8:00 o'clock P.M.; that they met the informer and he told them that Bradford would appear shortly, along the Stage Road in a 1940 green Chevrolet sedan with Shelby County license plates, with a load of non-tax paid whiskey; that Bradford would not be driving the car but it would be driven by another person; that shortly after this Agent Hynds stationed himself about one hundred yards on a slight upgrade of the Stage Road (a road frequently used for transportation of illegal liquor) and the informer and Agent Gresham stationed themselves at the side of the road at the bottom of the grade; that it was arranged between the agents that when the automobile appeared in sight Gresham would signal with his flashlight; that in a short while a 1940 green Chevrolet car with Shelby County license plates, running slowly as if heavily loaded, approached from the direction of Medon, a recognized center for illegal liquor transactions, and as it passed the informer and Gresham, the informer told Gresham, "That's the car and that's Bradford", whereupon Gresham flashed his light, and Hynds, receiving the signal, turned on the lights of his car and, driving into the Stage Road, blocked the passage of the oncoming car. Hynds, displaying his badge, armed with a pistol and identifying himself as an

officer, alighted from his car and approached the oncoming car which appeared to be sagging with its load. He flashed his light into the Bradford car and said to the driver, "How much whiskey have you got?" The driver, appellant Spivey, replied, "Fifty gallons." Hynds observed several cartons in the automobile of the kind usually used in hauling illicit whiskey. Thereupon Spivey was ordered out of the car and arrested. Fifty gallons of non-tax paid whiskey in one gallon jugs encased in brown paper cartons were found in the car, three of these cartons being found in the trunk.

About the time Spivey was arrested, Gresham, also armed, approached, flashed his light into the car, identified himself as an officer and saw the cartons in the back of the automobile, through which some of the necks of the glass bottles containing whiskey protruded. He then asked Bradford, "How much whiskey have you got?", to which Bradford replied, "Fifty gallons". He then arrested Bradford and both Bradford and Spivey were handcuffed and the officers took possession of the car and the whiskey.

■■■■ We think that the court correctly denied appellant's motion to suppress the evidence. The vital question is whether at the time appellants were arrested the officers had probable cause to believe that they were transporting non-tax paid whiskey in the automobile. Probable cause has been defined many times by the Supreme Court as well as by this court. Carroll v. United States, 267 U.S. 132, 133, 155, 45 S.Ct. 280, 69 L.Ed. 543; Husty v. United States, 282 U.S. 694, 701, 51 S.Ct. 240, 75 L.Ed. 629; Scher v. United States, 305 U.S. 251, 59 S.Ct. 174, 83 L.Ed. 151; Wisnienski v. United States, 6 Cir., 47 F.2d 825; Gilliam v. United States, 6 Cir., 189 F.2d 321, 323. In the latter case the court said: "Whether the search of an automobile without a warrant is valid depends upon whether the search is made upon probable cause, that is, upon a belief reasonably arising out of circumstances known to the officer that the vehicle contains unstamped liquor."

In the Carroll case, supra, 267 U.S. at page 149, 45 S.Ct. at page 283, 69 L.Ed.

543, the court said: "On reason and authority the true rule is that if the search and seizure without a warrant are made upon probable cause, that is, upon a belief, reasonably arising out of circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction, the search and seizure are valid." See also Brinegar v. United States, 338 U.S. 160, 165, 69 S.Ct. 1302, 93 L.Ed. 1879.

From our viewpoint the case presents no violation of the Fourth Amendment. Only unreasonable searches are prohibited by that Amendment. United States v. Rabinowitz, 339 U.S. 56, 60, 70 S.Ct. 430, 94 L.Ed. 653. The question of whether a search warrant should have been sought is not material. Other questions presented in the briefs and argument have been considered.

Judgment affirmed.