**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Robert Miles POTTS, Defendant-Appellant.**

**No. 14617.**

United States Court of Appeals Sixth Circuit.

Dec. 21, 1961.

---

Dale M. Quillen, Nashville, Tenn. (Philip M. Carden, Nashville, Tenn., on the brief), for appellant.

Carrol D. Kilgore, Asst. U. S. Atty., Nashville, Tenn. (Kenneth Harwell, U. S. Atty., Nashville, Tenn., on the brief; R. Hunter Cagle, Asst. U. S. Atty., Nashville, Tenn., also on docket), for appellee.

Before MILLER, Chief Judge, MARTIN, Circuit Judge, and DARR, Senior District Judge.

PER CURIAM.

The appeal involves the determination of whether the evidence upon which the appellant was convicted was obtained by unreasonable search and seizure by federal officers. The conviction was for the possession of unstamped whisky and possessing property intended for use in violation of the internal revenue laws. A pre-trial motion to suppress the evidence was interposed in the District Court by the appellant and it was agreed that the decision on this question would determine guilt or innocence.

In the early part of 1959 investigators of the Alcohol and Tobacco Tax unit in the Columbia, Tennessee area had information that there was nontaxpaid liquor operations in a certain rural community. Upon this information the investigators went out to the rural community several times and on February 10, 1959, saw men unloading from a car what appeared to be quantities of sugar and containers, both commonly used in the unlawful liquor business, into a smokehouse adjacent to what appeared to be an unoccupied dwelling house. On February 16, 1959, the revenue agents went back to the same community in the nighttime; went upon the same premises and saw the appellant and others unloading what resembled sacks of sugar and meal into the smokehouse; heard the flow of fluid therein; and heard the men talking about whisky. Thereupon the agents arrested appellant and others and found in the smokehouse 65 gallons of tax unpaid whisky, barrels, cans and kegs, one 90-gallon still, cap and copper condenser and 1200 pounds of sugar.

The dwelling house was unoccupied and although the appellant may have rented the premises, the District Judge found "the house was not and had not been the residence or dwelling of the defendant Robert Potts."

Generally speaking, curtilage has been held to include all buildings in close proximity to a dwelling, which are continually used for carrying on domestic employment; or such place as is necessary and convenient to a dwelling, and is habitually used for family purposes, 25 C.J.S. Curtilage p. 66; 4 Am.Jur. 93; United States v. Vlahos, D.C., 19 F.Supp. 166, 169.

The result is that curtilage did not exist in this case as appellant was not using the house as a residence or dwelling and the entrance of the revenue agents on the premises was not an unconstitutional invasion.

The information the revenue agents had and what they observed on the occasion was probable cause for the belief that the appellant and the others were committing a felony which justified an arrest without a warrant. Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327.

As incident to the arrest the search and seizure were reasonable and not constitutionally proscribed. Agnello v. United States, 269 U.S. 20, 30, 46 S.Ct. 4, 70

L.Ed. 145; Giordenello v. United States, 357 U.S. 480, 483, 78 S.Ct. 1245, 2 L.Ed. 2d 1503.

The District Judge's findings of fact were based on adequate evidence and his conclusions of law drawn therefrom were entirely correct.

Affirmed.