**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Charles Isaac BENSON, Defendant-Appellant.**

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Willie Bedford BENSON, Defendant-Appellant.**

**Nos. 14695–14696.**

United States Court of Appeals Sixth Circuit.

Feb. 14, 1962.

John F. Dugger, Morristown, Tenn. (James M. Meek, Knoxville, Tenn., on the brief), for defendant-appellant.

John H. Reddy, U. S. Atty., Knoxville, Tenn. (William P. Crewe, Asst. Regional Counsel, Int. Rev. Service, Atlanta, Ga., .on the brief) for plaintiff-appellee.

Before MILLER, Chief Judge, and McALLISTER and WEICK, Circuit Judges.

PER CURIAM.

Appellants were charged in a five-count indictment with possession of an unregistered still, carrying on the business of a distillery without giving bond, working at an unregistered and unbonded distillery, making mash and possession of nontaxpaid whiskey.

They filed a motion to suppress the evidence alleged to have been obtained by reason of an unlawful search conducted on premises of Charles Isaac Benson. This motion was denied by the court.

Charles Isaac Benson waived a jury and was tried by the court. Willie was tried by a jury and was found guilty on all five counts of the indictment. Charles was found guilty by the court only on Count 5 and was acquitted on the other counts of the indictment.

Officers of the Alcohol and Tobacco Tax Division searched the premises and residence of Charles under the authority of a search warrant and seized 87½ gallons of nontaxpaid whiskey otherwise described as "moonshine" and also distilling equipment. They arrested the appellants.

The principal claim here is that these officers obtained the information upon which their affidavits for the search warrant was based, at least in part, by trespassing upon the curtilage of Charles and observing the operation of the still and, therefore, the search and seizure was illegal.

This issue was submitted to the District Judge who found that the officers were not within the curtilage at the time they made their observations. They were within an area described as an island which was separated from Charles' residence by a creek three or four yards in width. On this island was an old hog pen, car body and an outhouse. There was no proof that Charles owned the island. In our judgment, it could not be considered part of the curtilage if he did. Hester v. United States, 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898; United States v. Potts, 297 F.2d 68 (CA 6, 1961); Ramsey v. United States, 278 F.2d 368 (CA 6); Hodges v. United States, 243 F.2d 281 (CA 5). We think this finding was amply supported by the evidence.

We find no prejudicial error in the introduction of evidence against Willie Benson or in the cross-examination of him by the District Attorney. In our judgment, the convictions were supported by substantial evidence.

The judgments of conviction are affirmed.