UNITED STATES of America,
Plaintiff-Appellee,

v.

Orion PRINCE, Defendant-Appellant.

No. 14794.

United States Court of Appeals
Sixth Circuit.

April 20, 1962.

Walter M. Haynes, Winchester, Tenn., for appellant.

John H. Reddy, U. S. Atty., Chattanooga, Tenn., for appellee.

Before MILLER, Chief Judge, and McALLISTER and O'SULLIVAN, Circuit Judges.

PER CURIAM.

This appeal involves the legality of a search, without a warrant, of defendant's automobile. Such search disclosed that defendant was transporting one hundred gallons of nontaxpaid whiskey. Defendant's motion to suppress the evidence so obtained and his motion for direction of acquittal were denied.

At 1:45 A.M. on the date of the arrest and search an agent of the U. S. Alcohol Tax Unit received a call from an informer, known to be a reliable source of information, advising that defendant Prince was then transporting in his 1955 Cadillac automobile (license number identified) a cargo of illicit whiskey along a certain highway approaching the town of Shelbyville, Tennessee. The information indicated that the vehicle would pass a named intersection within an hour and that quick action was required if defendant was to be apprehended. The agent, then about thirty-eight miles from the place where defendant's automobile was expected to pass, immediately called the local sheriff and requested that a road block be set up to apprehend defendant.

The agent immediately proceeded to the scene of the road block and joined the sheriff there at about 2:30 A.M. The officers waited there until 4:00 A.M., at which hour the defendant's unlighted Cadillac approached. After following the Cadillac for a short distance and observing that the defendant was in it and that it apparently carried a heavy load, the officers commanded defendant to stop. Defendant got out of the vehicle and upon inquiry described his cargo as "juice." He then amplified the description of the "juice" as being 100 gallons of whiskey. Such advice was substantiated by the officers' search of the vehicle. Defendant's arrest and conviction followed.

Defendant's appeal asserts that there was not probable cause for the arrest and search and further that there was ample time between the agent's reception of the probable cause information at 1:45 A.M., and the search at 4:00 A.M., in which the agent could, and should, have applied for a search warrant. We find no merit in either contention.

██ An officer may stop and search a motor vehicle for the purpose of discovering suspected contraband cargo if the officer has reasonable cause to believe that the automobile he stops contains such contraband. Carroll v. United States, 267 U.S. 132, 149, 45 S.Ct. 280, 69 L.Ed. 543; Bradford v. United States, 194 F.2d 168, 170 (C.A. 6, 1952). That the officer's belief is based upon hearsay information does not render the search and seizure invalid, if the information comes from a reliable source. Gilliam v. United States, 189 F.2d 321, 323 (C.A. 6, 1951); Pegram v. United States, 267 F.2d 781 (C.A. 6, 1959); see also Draper v. United States, 358 U.S. 307, 311, 79 S.Ct. 329, 3 L.Ed.2d 327; Jones v. United States, 362 U.S. 257, 269, 80 S.Ct. 725, 4 L.Ed.2d 697.

█ The information that came to the government agent suggested that it had to be acted upon within an hour, otherwise the quarry might be lost. An attempt to arouse a U. S. Commissioner at that hour in the morning and to prepare and present an application for a search warrant under such circumstances would, as it appeared then, likely result in losing the opportunity to apprehend the law violator. The fact that the arrival of the defendant at the place of arrest was delayed until 4:00 A.M. does not make the arrest and search without a search warrant illegal. Husty v. United States, 282 U.S. 694, 701, 51 S.Ct. 240, 75 L.Ed. 629; Peppers et al. v. United States, 176 F.2d 433, 434 (C.A. 8, 1949).

The judgment of conviction is affirmed.