**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Kenneth Richard PARROTT, Defendant-
Appellant.**

**No. 14785.**

United States Court of Appeals
Sixth Circuit.

June 26, 1962.

Dan Jack Combs, Pikeville, Ky., and F. Dale Burke, Frankfort, Ky., for defendant-appellant.

Moss Noble, Asst. U. S. Atty., Lexington, Ky. (Bernard T. Moynahan, Jr., U. S. Atty., Lexington, Ky., on the brief), for plaintiff-appellee.

Before McALLISTER and O'SULLIVAN, Circuit Judges, and BOYD, District Judge.

PER CURIAM.

Defendant-appellant, Kenneth Richard Parrott, was convicted with others of participation in the operation of an illegal still. He charges on this appeal that evidence used against him was obtained through an illegal search of a motor vehicle. The search in question was made without a search warrant upon defendant's arrest, also without a warrant, by U. S. Revenue Agents. The question before us is whether at the time of the arrest and search the officers had reasonable cause to believe that the defendant and the truck he was driving were engaged in the illegal enterprise which was the subject matter of the prosecution.

Through the day of May 30, 1959, U. S. Revenue Agents kept watch on an old, dilapidated, and apparently uninhabited, house located in a remote section of the mountains of Kentucky. An illicit still had been reported as being in the vicinity. In the early morning two men, appellant's co-defendants Hammond and Valentine, came out of the house. They cooked breakfast over a fire in the yard. Valentine then got into a 1951 Chevrolet truck and drove away. The officers continued their watch and observed that Hammond from time to time would come out on the front or back porch and scan the surrounding area. In the meantime, the officers had discovered a large "moonshine" still located about 150 yards from the house. Tracks made by motor vehicles connected the still and the house. The Chevrolet truck was seen later in the day in Cumberland, Kentucky, again being driven by Valentine.

Watch on the suspected premises was resumed on June 1. Hammond was there. In the afternoon of that day, the officers saw him go to, and begin working at, the still. He was forthwith arrested and brought back to the house. On search of the house, some sixty-six gallons of illicit whiskey, together with a substantial supply of equipment regularly employed in its manufacture was discovered. Hammond was taken to jail.

Some of the officers remained hidden in the house to await the expected arrival of other participants in the enterprise.

At about 4:30 in the afternoon the 1951 Chevrolet truck which had been driven away from the premises on May 30, appeared. It was driven off the road, crossed the bottom land, and was backed up to the rear porch of the house. Defendant-appellant was driving it and Valentine, who had been its previous driver, was a passenger. There was a glass panel in the rear door through which the officers observed a number of fruit jar cases, a 55 gallon drum of gasoline and some cases of rubbing alcohol—paraphernalia and supplies regularly employed in the "moonshine" industry. The officers thereupon arrested Parrott and his companion, Valentine, and searched the vehicle.

Parrott's motion to suppress the evidence obtained upon the search was denied and his conviction followed. The legality of the search depended upon whether the information provided the officers by their surveillance gave them reasonable ground, prior to the search, to believe that Parrott and the vehicle which he was driving were engaged in the illegal enterprise which was the basis of his conviction. Brinegar v. United States, 338 U.S. 160, 175, 176, 69 S.Ct. 1302, 93 L.Ed. 1879.

At the time of the arrival of the Chevrolet truck, it had already become known that the premises involved were the location of a rather large illegal distillery. The vehicle which defendant was driving had previously been observed being driven away from such premises by Valentine. Valentine was with Parrott when the latter drove this same vehicle into the premises. The officers saw materials in the vehicle of a kind regularly used in the operation of an illegal still. Any intelligent person would be justified in believing that Parrott and the vehicle were furthering the illegal business then in operation.

We are satisfied that Parrott's arrest and the search of the vehicle were within the law. Brinegar v. United States, supra; Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543; Bradford v. United States, 194 F.2d 168, 170 (C.A.6, 1950); Gilliam v. United States, 189 F.2d 321, 323 (C.A.6, 1951). Defendant contends that even if the officers did have probable cause to believe that the vehicle contained contraband, they should have deferred their search until they had gone before a Commissioner and obtained a search warrant. We hold that the officers were not, under the circumstances, required to hazard the escape of the offenders by delaying their search until a warrant therefor could be obtained. Husty v. United States, 282 U.S. 694, 701, 51 S.Ct. 240, 75 L.Ed. 629; Peppers et al. v. United States, 176 F.2d 433, 434 (C.A.8, 1949); United States v. Prince, 301 F.2d 358 (C.A.6, 1962).

The judgment of conviction is affirmed.