**UNITED STATES of America,**
Plaintiff-Appellee,

v.

**William Floyd THOMAS, Defendant-Appellant.**

**No. 15260.**

United States Court of Appeals
Sixth Circuit.
July 5, 1963.

Jerome Ables, South Pittsburg, Tenn., for appellant.

Ottis B. Meredith, Asst. U. S. Atty., Chattanooga, Tenn.; J. H. Reddy, U. S. Atty., Ottis B. Meredith, Asst. U. S. Atty., Chattanooga, Tenn., on the brief, for appellee.

Before MILLER and WEICK, Circuit Judges, and BROOKS, District Judge.

PER CURIAM.

Appellant, William Floyd Thomas, was indicted in a two-count indictment for the possession and transportation of whiskey in unstamped containers, in violation of Sections 5205(a) (2) and 5604 (a) (1), Title 26 United States Code. He waived trial by jury and upon trial to the Court was found guilty on both counts. He received concurrent sentences of four years, with execution of sentence being suspended.

Prior to trial, appellant moved to suppress the evidence, consisting of forty gallons of moonshine whiskey, which government agents found in the trunk of his automobile, which they stopped and searched on a public street without a search warrant. The motion to suppress was overruled. The correctness of this ruling is the only question presented by this appeal.

The Government introduced evidence that on May 2, 1962, three government agents were checking on illicit stills located in a section of Marion County, Tennessee. About 5:00 P.M., as they were leaving the area, one of the agents was informed by a man that he knew that appellant would drive a Buick car into the area that evening. One of the agents had known appellant and his reputation for dealing in illicit whiskey for some ten to twelve years, had arrested appellant for illicit whiskey violations on three different occasions, and had seen this particular car on several occasions at the home of known violators. The agents went to the road that the informer said appellant would use that evening and concealed themselves nearby. Shortly after 5:00 P.M. appellant drove into the area in a Buick car. About an hour later he returned in the same car, which appeared to be overloaded. The agents followed appellant into Jasper, Tennessee, and when he stopped for a traffic light, they pulled up beside him, stopped him and searched his car. This was at about 6:15 P.M. and at a place about one mile from the Marion County Court House.

Appellant relies mainly upon Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436, and Henry v. United States, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed. 2d 134. It was held in the Johnson case that the search of a room in a hotel without a warrant was illegal in that no exceptional circumstances existed which justified dispensing with the necessity of obtaining a search warrant. The Court pointed out that no suspect was fleeing or likely to take flight and the search was of permanent premises, not of a movable vehicle. In the Henry case it was held that the search of an automobile without a warrant was illegal because the search was upon suspicion only and probable cause for the search did not exist. The Court pointed out that while under certain circumstances it is not necessary to obtain a warrant on the ground of practicality, as in the case in the search of a moving vehicle, Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, it is necessary that probable cause exist such as would warrant a prudent man in believing that an offense has been committed. Although a warrant may be dispensed with under certain circumstances, probable cause to make the search must nevertheless exist.

 Neither of these two cases, or the rulings contained in them, is applicable to the present case. The search here was not of a permanent structure, but of a moving vehicle and, in our opinion, probable cause clearly existed, thus dispensing with the necessity of a search warrant. Carroll v. United States, supra, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543; Brinegar v. United States, 338 U. S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879.

 Appellant also contends that although the search was of a moving vehicle, yet ample time existed after receipt of the information about appellant in which a search warrant could have been obtained, and the practicalities of the situation did not excuse the failure of the agents to obtain a warrant, as it did in the Carroll case. This same question was recently considered by us in United States v. Prince, 301 F.2d 358, C.A. 6th,

488

and in United States v. Parrott, 304 F. 2d 619, 620, C.A. 6th, in which we held that although it later developed that sufficient time was available in which a search warrant could have been obtained, it was not necessary to obtain one if it appeared likely at the time that the delay incident to obtaining a warrant would result in losing the opportunity to apprehend the law violator. Husty v. United States, 282 U.S. 694, 701, 51 S.Ct. 240, 75 L.Ed. 629; United States v. Rabinowitz, 339 U.S. 56, 64–66, 70 S.Ct. 430, 94 L.Ed. 653; Bradford v. United States, 194 F.2d 168, 170, C.A. 6th; Peppers v. United States, 176 F.2d 433, 434, C.A. 8th. Under the circumstances in this case we think that the search of the automobile was not illegal because of the failure to obtain a search warrant.

. The judgment is affirmed.