**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Foster William HALEY, Defendant-**
**Appellant.**

No. 15325.

United States Court of Appeals
Sixth Circuit.

Aug. 30, 1963.

2. Cf. Pilkington v. United States, 315 F.2d 204 (4th Cir., 1963).

John F. Dugger, Morristown, Tenn., for appellant.

Charles G. Heyd, Asst. U. S. Atty., Cincinnati, Ohio, for appellee, Joseph P. Kinneary, U. S. Atty., Cincinnati, Ohio, on the brief.

Before CECIL, Chief Judge, and MILLER and PHILLIPS, Circuit Judges.

PHILLIPS, Circuit Judge.

Appellant, Foster William Haley, was indicted in a one-count indictment for the possession and transportation of 116½ gallons of whiskey in unstamped containers, in violation of Sections 5205 (a) (2) and 5604(a) (1), Title 26 U.S.C. He waived trial by jury, was found guilty and received a sentence of two years.

Prior to the trial appellant moved to suppress the evidence, consisting of 116½ gallons of whiskey and the immediate containers thereof (one-half gallon fruit jars), upon the ground that the automobile of appellant was searched without a search warrant and in violation of his constitutional rights. By stipulation the court heard evidence on the motion to suppress and the issue of guilt simultaneously. The motion to suppress was overruled.

The Government introduced evidence that on the night of August 28, 1962, at approximately 9:00 p. m., federal agents, accompanied by state officers, searched a 1953 Buick automobile owned by and in the possession of the appellant, while it was parked on private property owned by co-defendant Robert Holmes, without a search warrant and without a warrant of arrest. The evidence showed that the property where the automobile was parked was across the public street from Holmes' residence and was not a part of the curtilage; that fruit jars containing whiskey were vis-ible through the window of the automobile and were readily seen by the officers by shining a flashlight through the window; that the search of the automobile revealed that it contained 233 one-half gallon fruit jars of moonshine whiskey; that the officers were able to see identical one-half gallon jars in an identical cardboard container inside Holmes' shed situated immediately adjacent to appellant's Buick, and when Holmes was unable or unwilling to produce the keys to the shed, the officers announced in the presence of Holmes their intention to break the lock to the shed; and that the lock thereupon was broken and the subsequent search of the shed produced ten and one-half gallons of unstamped whiskey.

William F. Rehling, the federal officer in charge of the Cincinnati office of the Alcohol and Tobacco Tax Division of the Internal Revenue Service, testified that at 7:00 o'clock p. m., August 28, 1962, he received a telephone call from an individual, whom he considered to be reliable because information furnished by him had proved to be accurate in the past, informing him that thirty gallons of whiskey would be delivered to Holmes about 8:00 p. m. or 8:30 p. m. or shortly after dark by appellant driving a 1953 Buick two-tone in color and that delivery would take place at a garage immediately next to Holmes' residence at 3160 Syracuse Street, Cincinnati, Ohio, or to a shed-type garage across the street from Holmes' residence. He further testified that he did not attempt to get a search warrant for the reason that there was insufficient time to find and summon other officers, to find a Commissioner and obtain a search warrant and to get to Syracuse Street, a distance of approximately ten miles, in one and one-half hours. He further stated that after the telephone call at 7:00 p. m., he notified several other Government officers and two state officers by telephone of the information he had received, and they met at an agreed point and proceeded to Syracuse Street, arriving at approximately 8:00 p. m., just after dark. The

officers maintained surveillance of the Holmes residence on Syracuse Street from approximately 8:00 p. m. until 9:00 p. m., when they saw appellant's 1953 two-tone Buick automobile drive to Holmes' residence and make three attempts to back up to a garage. Unable to back to the garage due to the incline, the automobile backed to the shed-type garage across the public street from the Holmes residence. As appellant was getting out of the Buick on the driver's side, Investigator Rehling entered upon the property along with the other officers and identified himself as a federal officer by exhibiting his federal commission with the assistance of a flashlight. Holmes was at the other side of the car at the time. Rehling testified that he shined his flashlight through the window of the Buick and saw numerous cases marked "Half-gallon jar" and "Fruit Jar" of the type usually used for moonshine whiskey, and that he then shouted to his fellow officers to "Hold them, it's loaded." The other officers testified that they complied with this order.

Rehling then opened the door of the automobile and tasted the contents of one of the jars, ascertaining it to be whiskey. He thereupon asked appellant for the car keys, opened the trunk and found an additional quantity of whiskey in half-gallon jars, likewise unstamped.

The officers further testified that they knew appellant and Holmes before the arrest; and that they knew appellant as a retailer of moonshine whiskey and a major violator with a conviction record; and Holmes as a dispenser of illicit whiskey by the drink or pint with a conviction record.

Appellant contends that the judgment of conviction should be reversed and the case dismissed, on the following grounds: (1) That the search of the Buick automobile without a search warrant violated the Fourth Amendment; (2) that the search in the nighttime without a search warrant violated Rule 41(c) of the Federal Rules of Criminal Procedure; and (3) that the federal officers conducted a general exploratory search, rendering the entire search void and the evidence so procured inadmissible.

■■■ Appellant argues that the formal arrest took place after the search of the car, while appellee contends the arrest occurred when Rehling, the federal agent, shouted "Hold them, it's loaded" prior to the search of the car. We do not find it necessary to pinpoint the time of arrest as in either case there was a valid search of the car. If the search came after the arrest, then the search was valid as incident to a lawful arrest. Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327; United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653; Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399; Agnello v. United States, 269 U.S. 20, 46 S.Ct. 4, 70 L.Ed. 145. If, on the other hand, the search occurred before the arrest, it came within the rule that a search without a warrant of an automobile engaged in the illegal transportation of intoxicating liquor, made upon probable cause, is not prohibited by the Fourth Amendment, Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543; Husty v. United States, 282 U.S. 694, 51 S.Ct. 240, 75 L.Ed. 629; United States v. Prince, 301 F.2d 358 (C.A. 6); Bradford v. United States, 194 F.2d 168 (C.A. 6); United States v. Gilliam, 189 F.2d 321 (C.A. 6). It is our opinion that "probable cause" existed under the facts of this case, Brinegar v. United States, 338 U.S. 160, 175–176, 69 S.Ct. 1302, 93 L.Ed. 1879, and that the practicalities of the situation justified the agents in not obtaining a warrant. United States v. Prince, supra; United States v. Parrott, 304 F.2d 619 (C.A. 6); United States v. Thomas, 319 F.2d 486 (C.A. 6).

■■■ Appellant relies upon the cases of Baxter v. United States, 188 F.2d 119 (C.A. 6); Lee v. United States, 232 F.2d 354 (C.A.D.C.); and Weaver v. United States, 295 F.2d 360 (C.A. 5). These cases are not in point because they

all involved searches made on private property which was a part of the curtilage. In the case at bar the automobile of appellant was parked on property which was open and vacant except for a carport type of shed, no part of which was being used as a residence or dwelling, situated across the street from the residence of Holmes, and was not a part of the curtilage. United States v. Potts, 297 F.2d 68 (C.A. 6). We hold that the search conducted on such property upon probable cause without a search warrant was not unreasonable.

We further hold that the search and arrest made in this case does not violate Rule 41(c) of the Federal Rules of Criminal Procedure, which applies to situations where the officer obtains a search warrant, and not to searches made without a warrant.

■ Finally, appellant contends that a general exploratory search was made, that the entire search was void and that the evidence procured thereby was inadmissible, relying upon United States v. Lefkowitz, 285 U.S. 452, 52 S.Ct. 420, 76 L.Ed. 877. The record in the case at bar does not disclose a general exploratory search, but a search for specific contraband, that is, untaxed moonshine whiskey, in a parked automobile, made upon probable cause. We find that the search of the shed was made subsequent to the arrest, and therefore was a search incident to a lawful arrest. Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327; United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653; Agnello v. United States, 269 U.S. 20, 46 S.Ct. 4, 70 L.Ed. 145.

■ Appellant further complains of a subsequent search of the automobile owned by Holmes, which was parked on the street, and the residence of Holmes, which was situated across the street from the property where appellant's car was parked. No whiskey was found either in the Holmes automobile or the Holmes residence, and no evidence procured from the search thereof was used against appellant in this proceeding. We hold that appellant was not a "person aggrieved by an unlawful search and seizure" within the meaning of Rule 41 (e) of the Federal Rules of Criminal Procedure and therefore has no standing to raise a question as to the constitutionality of the search of the Holmes automobile and residence. Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697.

In our opinion there was no error on the part of the District Judge in overruling the motion to suppress and in finding appellant guilty as charged. The judgment of conviction is affirmed.