**UNITED STATES of America, Plaintiff-Appellee,**

v.

**William O. WHITMORE and John Anderson, Defendants-Appellants.**

**Nos. 15988, 15989.**

United States Court of Appeals Sixth Circuit.

May 7, 1965.

Dale Quillen, Nashville, Tenn., on brief, for appellants.

James F. Neal, U. S. Atty., Carrol D. Kilgore, Asst. U. S. Atty., Nashville, Tenn., on brief, for appellee.

Before WEICK, Chief Judge, and MILLER and O'SULLIVAN, Circuit Judges.

PER CURIAM.

Defendants-appellants were convicted of possessing and operating an illegal still and of possessing illegal moonshine whiskey in violation of 26 U.S.C.A. §§ 5173, 5179(a), 5601(a) (1), (4), 5205(a) (2) and 5604(a) (1). Convicting evidence was obtained by officers armed with a search warrant. The present appeal charges that the search warrant was invalid because the facts set forth in

the affidavit upon which the warrant was issued "were obtained * * * while trespassing upon the curtilage of the defendants."

Officers of the Alcohol and Tobacco Tax Division had obtained information from a reliable informant that a moonshine enterprise was being conducted on the farm premises of the defendant-appellant Anderson. One of the officers had driven around the Anderson farm with the informant, presumably on the public highway, to get a general impression of the area. On the day prior to the search here involved, the officers entered onto the farm premises and from a wooded area made observation of a barn which was across a fence from the point where the officers were standing. At that point the officers could smell the odor of mash emanating from the building and observed "spent" mash being piped out of the barn building into a ditch. As the officer said, "apparently this distillery had just been operated because the steam was coming from this line where it was emptying out, and the odor of fermenting mash was very plain."

The officers left the premises and after incorporating the above information into an affidavit, obtained a search warrant. They returned to the Anderson premises the next day and upon executing the warrant discovered the still and the contraband whiskey in the building which they had had under observation on the previous day. The appeal asserts that the officers were within the curtilage of the Anderson home when they made the observations upon which the search warrant was issued.

At the hearing upon the motion to suppress the evidence obtained by the search, photographs of the area were put in evidence. A large aerial photograph disclosed the various fences and buildings in the area. While exact distances were not given, it is apparent that the building where the still was located was at a considerable distance from the home. The point from which the officers made their observations was in a wooded area that was obviously not under cultivation or being used in any way to carry on any farm operation. There was evidence that the building observed was in use only as a still. We are satisfied that the wooded area was no part of the curtilage of the Anderson home and no different than an open field.

In Hester v. United States, 265 U.S. 57, 59, 44 S.Ct. 445, 446, 68 L.Ed. 898 (1924), Justice Holmes said "the special protection accorded by the Fourth Amendment to the people in their 'persons, houses, papers, and effects,' is not extended to the open fields. The distinction between the latter and the house is as old as the common law." In United States v. Hassell, 336 F.2d 684, 685 (CA 6, 1964), we said "[u]nder federal law the search of open fields without a search warrant is not constitutionally 'unreasonable.'" In the case of Hodges v. United States, 243 F.2d 281 (CA5, 1957) the Fifth Circuit dealt with a situation where a revenue officer obtained a search warrant on the basis of observations made of the still operation in a chicken house from a point some distance away, but upon the defendant's farm premises. In holding that neither the point of observation nor the chicken house were within the curtilage the Court said,

"We have no doubt * * * that neither the chicken house, the enclosed area in which it was situated, the enclosure immediately to the west of it, nor the large pasture area in which the Agent was stationed for his vigil was curtilage. These were too removed in distance and too definitively set apart by fixed fences from the farm home to be a part of it." 243 F.2d 283.

While the distances and location of buildings and fences in the case here do not coincide with those described in the Hodges case, it is clear that the building where the still was observed and the place from which it was observed were no part of the curtilage of the Anderson farm premises. See also United States v. Benson, 299 F.2d 45, 46 (CA6, 1962). The search warrant which produced the evidence upon which defendants-appellants were convicted was validly issued.

Judgment affirmed.