**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**John D. FREEMAN, Defendant-**
**Appellant.**

**No. 17401.**

United States Court of Appeals
Sixth Circuit.

Aug. 25, 1967.

Hearn W. Tidwell, Memphis, Tenn., Mitchell, Tidwell, Mitchell & Rosenstein, Memphis, Tenn., of counsel, for appellant.

William A. McTighe, Memphis, Tenn., Thomas L. Robinson, U. S. Atty., Odell Horton, Jr., Asst. U. S. Atty., Memphis, Tenn., on brief, for appellee.

Before O'SULLIVAN and COMBS, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

John D. Freeman, defendant-appellant, appeals from a judgment of conviction in the United States District Court for the Western District of Tennessee on a two-count indictment charging him with illegal transportation and possession of non-tax-paid whiskey in violation of Sections 5604(a) (1) and 5686(a) of Title 26 U.S.C., respectively. The case was tried before a jury and the appellant was sentenced to imprisonment for a period of eleven months and twenty-nine days and to pay a fine of $200.

Owen C. Strickland, Jr., special investigator in charge of the Alcohol and Tobacco Tax Unit in Memphis, Tennessee, received information about five o'clock on the morning of September 30, 1965, concerning the appellant John D. Freeman and one Lee Mosby. The information was from an informer who had given reliable information on several occasions in the past and was to the effect that Lee Mosby and a man named Freeman had already left Memphis for Tunica County, Mississippi, and that they would be back in about an hour. They were in a yellow and white '55 Buick automobile and they generally used U. S. Highway 61. The informer also gave the license tag numbers.

Investigator Strickland passed this information on to Joe Lee Cox, a lieutenant in the Shelby County Sheriff's Office. Lieutenant Cox with Sergeant Crossno, also of the sheriff's office, took up surveillance on Route 61 where the automobile in question was likely to pass. At about 5:50 a. m. Lieutenant Cox and Sergeant Crossno identified the automobile driven by Freeman in which Lee Mosby was a passenger. They stopped the car and ordered the occupants to get out. They had observed that the rear end of the car was sagging and as they approached the car they smelled a strong odor of whiskey. Sergeant Crossno got into the car and through a hole in the back seat observed two cans. He put his arm through the hole, removed the lid from one of the cans and put his hand inside of the can. From the taste and smell he was able to identify the contents as whiskey.

Investigator Strickland arrived on the scene just after the Freeman automobile was stopped. He took a small screw driver from the pocket of Mosby with which he opened the trunk of Freeman's car. He found two five-gallon cans of non-tax-paid whiskey. The whiskey was seized and Freeman and Mosby were placed under arrest.

A motion to suppress evidence was filed on behalf of the appellant. It was claimed that the two cans of whiskey were illegally seized without a search warrant and that a signed statement or confession of the appellant was obtained contrary to law. The district judge conducted a hearing out of the presence of the jury and denied the motion.

■■ Under the facts of this case, the officers had probable cause to believe that a crime was being committed and the search of the automobile was therefore justified. An officer may stop and search a motor vehicle for the purpose of discovering suspected contraband cargo, if the officer has reasonable cause to believe that the automobile he stops contains such contraband. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543; Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879; United States v. Prince, 301 F.2d 358 (C.A. 6); United States v. Haley, 321 F.2d 956 (C.A. 6); United States v. Thomas, 319 F.2d 486 (C.A. 6); United States v. Baxter, 361 F.2d 116 (C.A. 6), cert. den. 385 U.S. 834, 87 S.Ct. 79, 17 L.Ed.2d 69; Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327; McCray v. State of Illinois, 386 U.S. 301, 87 S.Ct. 1056, 18 L.Ed.2d 62.

The appellant was adequately admonished that he need not make any statement, that any statement he did make could be used against him and that he was entitled to have a lawyer before answering any questions. The admonition met the requirements of the law as it existed at the time of the appellant's arrest. There is testimony that the statement was read to the appellant several times, difficult words such as "intimidate" were explained to him and he said he understood the statement before he signed it. The appellant was given an opportunity to make a telephone call and he did call his wife.

The appellant claimed that he had only a fourth-grade education and that he did not understand the content of the statement. However, he admitted that he was told that he could have a lawyer, that he did not have to make a statement and that any statement he made could be used against him. He also claimed that while he was in the garage before he was taken up to Mr. Strickland's office, Mr. Strickland said he would take him over in the corner and beat him. Otherwise he was well treated and not threatened.

■ The district judge conducted a hearing out of the presence of the jury and determined that the statement was voluntary and not coerced. He then submitted the question to the jury under proper instructions. This was proper procedure and there was ample testimony from which the jury could determine that the statement was voluntary.

■ It is argued that the appellant's rights were violated when the screw driver, with which the trunk was opened, was taken from appellant's co-defendant, Lee Mosby. This claim is without merit.

■ The appellant took the witness stand and testified that the automobile was his, that he had the two cans of whiskey in the car and that he had bought the whiskey for twenty-five dollars a can from some unknown person. His only explanation, which is not a defense, was that he bought it for his own use. In the face of this testimony there could be no prejudice to the appellant in admitting the statement into evidence.

The judgment of the District Court is affirmed.