**UNITED STATES of America,**
**Plaintiff,**

**v.**

**John C. BARNETT and Lee Fred McInturff, Defendants.**

**Crim. A. No. 6947.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

Oct. 24, 1967.

J. H. Reddy, U. S. Atty., Chattanooga, Tenn., for plaintiff.

John F. Dugger, Morristown, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The defendants were indicted for unlawfully possessing and transporting taxunpaid whiskey, 26 U.S.C. §§ 5205(a)(2) and 5604(a) (2), and for aiding and abetting the commission of each of those offenses, 18 U.S.C. § 2, on February 23, 1967 within the jurisdiction of this Court. Each defendant entered a plea of not guilty to each of the two counts of the indictment on April 3, 1967. A motion to suppress the evidence of contraband whiskey obtained by the arresting officers, without an arrest or search warrant, was interposed on June 13, 1967. On September 5, 1967 each of the defendants, with the consent of the United States attorney, waived trial by jury. Evidence necessary to a decision on the aforementioned motion was received during the trial to the Court on that date. The matter has been under advisement since for consideration of briefs.

Revenue agent James R. Beeler, of the Alcohol and Tobacco Tax Division, Internal Revenue Service, Treasury Department, testified that at about 6:15 o'clock, p. m., February 23, 1967, he met with an informer, who in the past had provided information which, in at least one-half dozen times, had proved to be accurate; that during such conversation of about 15 minutes' duration, he was informed that the defendants would shortly be making "a milk-run" of deliveries of comparatively small quantities of taxunpaid whiskey in a 1959 white and blue two-door Chevrolet automobile, which the defendant Barnett would probably be driving; and that at about 8:15 o'clock, p. m., such delivery would be made to Willard

"Big-un" Cook, who was known to the agent to be a bootlegger in Johnson City, Tennessee.

Agent Beeler knew at the time that the defendants had been previously convicted of violations of federal internal revenue laws relating to whiskey, and that each then had a reputation for engaging in such unlawful activities. He also knew that "Big-un" Cook operated an establishment in an area known as "Red Row" where several bootlegging "joints" were operating.

Mr. Beeler thereupon visited the office of the Tennessee Alcohol Beverage Commission in Johnson City, where he relayed the information he had so recently received to another federal internal revenue agent and to Tennessee alcohol beverage agents Cecil Ray, Curtis Combs and Robert Rhea. Arrangements were made with Johnson City police officers to assist in the impending investigation, and agent Beeler undertook unsuccessfully to contact by telephone a United States commissioner in Johnson City. Estimating that some 35 or 40 minutes would be required to arrange for the necessary surveillance, the officers made no further efforts to obtain a search warrant.

In the ensuing surveillance, agent Beeler observed the occupants of one automobile visiting the Cook residence, saw Cook and his wife walk from his residence to their bootlegging establishment nearby, saw Mrs. Cook then return to their residence, and observed the display of a signal light. At 8:15 o'clock, p. m., agent Beeler was informed by radio that a second automobile was approaching "Red Row" street. Subsequently, this agent witnessed an automobile approaching the area with its lights extinguished, saw it backed against or near the Cook residence, and saw the defendant McInturff carrying an unidentifiable object from such vehicle into the Cook residence. At this juncture in the surveillance, agent Beeler notified the other participating agents to "close in". Also at this juncture, state alcohol beverage agent Rhea saw one of the defendants transporting

two one-half gallon jugs, of the type customarily utilized in the area as containers for moonshine whiskey, from the automobile to the Cook dwelling and so advised agent Beeler by radio.

Agents Beeler and Rhea then saw an automobile, recognized by them as being a 1959 blue and white, two-door Chevrolet, departing the vicinity of the Cook residence with lights extinguished. The automobile was overtaken by officers, stopped, and the defendants were placed in arrest. The defendant Barnett declined to consent to a search of his vehicle.

The defendants were thereupon removed from the scene and the officers saw several paper bags, of the type customarily used in the area in packing glass jugs of moonshine whiskey, in the back seat of the Barnett automobile. Whereupon, the officers slit the partition separating the rear seat from the trunk area in the car, gained access to the trunk, and found therein a one-gallon jug of taxunpaid whiskey.

■■ The federal revenue agent was authorized to arrest these defendants without a warrant, if he had reasonable grounds so to do. 26 U.S.C. § 7608. As used in this statute, reasonable grounds is the equivalent of probable cause. United States v. Boston, C.A.2nd (1964), 330 F.2d 937, 938 [1], fn. 1, with comparisons with Wong Sun v. United States (1963), 371 U.S. 471, 83 S.Ct. 407, 9 L. Ed.2d 441 and Draper v. United States (1959), 358. U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327.

■ On the basis of the circumstances related by agent Beeler and the other officers, there can be no reasonable doubt that there was probable cause to sustain the arrest of these defendants and the incidental search of the automobile in which they were riding. " * * * An officer may stop and search a motor vehicle for the purpose of discovering suspected contraband cargo, if the officer has reasonable cause to believe that the automobile he stops contains such contraband. * * * " United States v. Freeman, C.A.6th (1967), 382 F.(2d) 272, 274 [1]; United States v. Prince, C.A. 6th (1962), 301 F.2d 358, 359 [1].*

The underlying circumstances from which agent Beeler's informant had concluded that the contraband was where he claimed to Mr. Beeler it was, and some of the underlying circumstances from which agent Beeler concluded that his informant was "credible" and that the information thus provided him was "reliable", were made to appear clearly to the Court. " * * * Upon the basis of those circumstances, along with the [surveilling] officers' personal observations of the [defendants], [this Court] [is] fully justified in holding [as it now does], that at the time the officers made the arrest, 'the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [defendants] had committed * * * an offense.' * * * " McCray v. Illinois (1967), 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62, 67.

The defendants' motion to suppress the evidence thus obtained by the officers hereby is

Overruled.

The Court finds each of the defendants GUILTY as charged in each of the two counts of the indictment herein. Each hereby is referred for presentence investigation and will remain on his present bond, respectively, until ordered to report for the imposition of judgment.

*The language in *Prince, supra,* is identical with that quoted from *Freeman,* *supra.* Each is supported with citations from the Supreme and other courts.