**UNITED STATES of America,**
**Plaintiff,**

v.

**Jack Edward HARTSELL and Dave Crockett Lovell, Defendants.**

**Crim. A. No. 7001.**

United States District Court
E. D. Tennessee,
Northeastern Division.

April 8, 1968.

J. H. Reddy, U. S. Atty., Knoxville, Tenn., for plaintiff.

Fred L. Myers, Sr., Newport, Tenn., for defendant Hartsell.

John F. Dugger, Morristown, Tenn., for defendant Lovell.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The defendant Mr. Hartsell was indicted, *inter alia,* on a charge of possessing 64 gallons of taxunpaid whiskey. He interposed a motion to suppress evidence of this contraband, on the ground that such property was seized illegally without a warrant, Rule 41(e) (1), Federal Rules of Criminal Procedure. The Court received evidence on April 4, 1968 on the issues of fact necessary to this decision.

Mr. Steve B. Whitlow, special investigator in charge of the office of the alcohol and tobacco tax division, at Greeneville, Tennessee, was making an investigation of the reported presence of an illicit distillery on an island in the Nolichucky River in the Lowland section of Cocke County, Tennessee on September 27, 1967. He was accompanied by agents of the Tennessee alcoholic beverage commission.

Mr. Whitlow earlier had received information, which he had found from previous experience to be from a reliable source, that Mr. Hartsell, reputed with the agents to be a moonshine whiskey violator, was engaged in manufacturing illegal whiskey on the island. He and his associates had located the distillery on a previous date and were present in the area in an effort to apprehend its operators. They conducted a surveillance of the island from the bank of the river nearest Newport, Tennessee, which was some 12 to 15 miles removed from that place.

While observing the area of the distillery through binoculars at a distance of some 70 yards, at about 7:00 o'clock, p. m., during daylight hours, Mr. Whitlow saw the defendant Mr. Hartsell and two other male persons in a boat. He could also see within the boat a metal still-capper, a fuel can, and several cartons for glass jugs, all of the variety customarily used in Cocke County in connection with illicit distilling operations. The boat was docked at a point on the island near a trail leading to the distillery.

The officers then heard sounds, as if glass items were being struck by other glass items and as if metal items were being struck by other items. They also heard a pump being started. At about 8:15 o'clock, p. m., the boat returned with its passengers to the river bank, and its occupants departed the scene.

While the surveillance was continued the following morning, Mr. Whitlow heard a boat motor started about 11:20 o'clock; then saw the same boat, which was eventually seized, proceed up the river to the aforementioned docking place on the island; heard similar sounds to those of the preceding day; heard a noise which they identified as still-type

burners being activated; and, in about 20 minutes, saw the boat returned to the island; saw a water-pump 10 yards from the distillery, with a hose connection extending from the river through the pump and into a part of the distillery; heard the pump started and stopped spasmodically; saw the defendant Mr. Hartsell and another male person working several times on the pump, and walking to and from the distillery proper between times; and, throughout the day, heard the sound of still-type burners.

At about 7:15 o'clock, p. m., during daylight of that day, Mr. Whitlow observed the defendant Mr. Hartsell and an unidentifiable person leaving the island in the boat. It passed within ten yards of the agents, who followed behind the boat surreptitiously along the river bank. Mr. Whitlow could see the customary cartons, with strips of burlap tied around them as carrying handles within the boat, and could see glass jars therein in some of the cartons. When the boat was docked on the river bank and Mr. Whitlow approached, he could then see that the jars visible contained some liquid similar to moonshine whiskey.

As the officers neared the docking place, the unidentified man undertook to scramble up the bank, saw the officers approaching, and fled. The defendant Mr. Hartsell also attempted flight but was seized by his leg as he ascended the bank. Mr. Hartsell was detained and arrested, and his boat and its contents were searched by the officers. The boat and its contents were thereupon seized by the agents.

█ Mr. Hartsell complains that the agents arrested him, searched and seized his boat and the contraband without first having dispatched one of their party to Newport, where a United States Commissioner is resident, for a warrant. His contention has no merit. The illicit distillery the officers had located was situated in a cane-brake on an uninhabited island. A warrant was not required for the search of the premises where the distillery had been previously located. Hester v. United States (1924), 265 U.S. 57, 59, 44 S.Ct. 445, 68 L.Ed. 898, 900 (headnote 2); United States v. Benson, C.A.6th (1962), 299 F.2d 45, 46 (with reference to an island); United States v. Whitmore, C.A.6th (1965), 345 F.2d 28, 29. Certainly, there was no time, after the agents saw enough in the boat to provide them with sufficient information of the presence of contraband therein to obtain a warrant to search the boat, to send to Newport for a search warrant. The occupants of the boat were then in flight, and one of them made good his unapprehended departure.

█ The aggregate of what Mr. Whitlow had seen and heard before the arrest provided him with reasonable cause to believe the law was being violated within the boat. The arrest of the defendant Mr. Hartsell was made by Mr. Whitlow upon a belief, reasonably arising out of the circumstances known to him, that the boat contained that which by law was subject to seizure and destruction. The search and seizure accordingly were valid. Carroll v. United States (1925), 267 U.S. 132, 149, 45 S.Ct. 280, 284, 69 L.Ed. 543, 549, 39 A.L.R. 790; cf. United States v. Coppolo, D.C.N.J. (1932), 2 F.Supp. 115, 116 [1]; 47 Am.Jur. 514, Searches and Seizures, § 18. The circumstances under which Mr. Whitlow intercepted Mr. Hartsell in the area of his considerable operations of the two whole days did not indicate reasonably that Mr. Hartsell was going about his legitimate affairs. Brinegar v. United States (1949) 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879, rehearing denied 338 U.S. 839, 70 S.Ct. 31, 94 L.Ed. 513.

The defendant's motion for a suppression of the evidence thus acquired hereby is

Denied.