THE STATE OF NEW JERSEY, PLAINTIFF, v. JUAN VARGAS/JESUS IRIZARRY, DEFENDANTS.

Superior Court of New Jersey
Law Division (Criminal)

Decided May 30, 1978.

*Mr. J. Patrick McMorrow* for defendant Vargas.

*Mr. Ronald Sage* for defendant Irizarry.

*Mr. Douglas Wain* for the State (*Mr. Clinton E. Cronin,* Prosecutor of Monmouth County, attorney).

SHEBELL, J. C. C. Defendants seek to suppress evidence seized upon residential property under authority of a search warrant. The police authorities searched the two-story house described in the warrant, together with a small white out-building, seeking evidence of an illegal "still" alleged to be used in manufacturing untaxed alcoholic beverages. Evidence was discovered and seized only in the outbuilding and not in the dwelling house.

The warrant, based upon information received from a reliable informant, was sufficiently broad to authorize the searching of both structures and there was probable cause for the issuance of the warrant. *Aquilar v. Texas,* 378 *U. S.* 108, 84 *S. Ct.* 1509, 12 *L. Ed.* 2d 723 (1964); *State v. Kasabucki,* 52 *N. J.* 110 (1968); *State v. Fariello,* 71 *N. J.* 552 (1976).

Defendants point out, however, that *N. J. S. A.* 33:1–56 mandates that

No search warrant shall issue to search any *private dwelling,* occupied exclusively as such, unless there is probable cause to believe it is being used for, or in connection with, unlawful alcoholic beverage activity and provided that such use be evidenced *by oath of some person, on his own knowledge.* [Emphasis supplied]

█ The affidavit supporting the issuance of the warrant, not being sworn to by the informant, does not satisfy the

special requirements of the statute and the warrant is invalid as it pertains to the search of the dwelling house itself. *N. J. S. A.* 33 :1–56.

■ Defendants argue that the outbuilding is equally protected by the special requirements of *N. J. S. A.* 33 :1–56 as it is within the curtilage of the dwelling house. This jurisdiction and the federal courts have historically recognized the common law concept of curtilage. *Edwards v. Derrickson,* 28 *N. J. L.* 39 (E. & A. 1859) ; *Coddington v. Hudson Cty. Dock Co.,* 31 *N. J. L.* 477 (E. & A. 1863) ; *U. S. v. Potts,* 297 *F.* 2d 68 (6 Cir. 1961).

The common law definition of *house* extended not only to the dwelling house but to all outbuildings even though not under the same roof. 3 *Coke, Just.,* 64; 2 *Russell on Crime,* (9 ed.) 1278.

The aforesaid common law concepts may be employed, however, only if the legislative intent cannot be determined. The present statute fails to define the term "dwelling house." The source of *N. J. S. A.* 33 :1–56 is *L.* 1933, *c.* 436, § 54, which also used the term "private dwelling" in granting special protection against the issuance of warrants based upon probable cause unless upon oath from a person on his own knowledge. This statute likewise failed to define "private dwelling." These two statutes were evolved from *L.* 1922, *c.* 255, § 15, which afforded the same protection to "private dwellings" which were to be searched for unlawful alcohol. That statute, however, defined "private dwelling" as follows:

The term "private dwelling" shall be construed to mean *any building or any part thereof* used as a private residence, and any room or rooms used or occupied, not transiently, but solely as a residence, in any apartment house, hotel or boarding house. [L. 1922, Ch. 255, § 5 ; emphasis supplied]

The present statute shows no intention whatsoever on the part of the Legislature to expand the aforesaid definition of

"private dwelling" to include curtilage; on the contrary, *N. J. S. A.* 33:1–56 modifies the term "private dwelling" by the words "used exclusively as such." Further, *N. J. S. A.* 33:1–73 states that "this Chapter is intended to be remedial of abuses inherent in liquor traffic and shall be liberally construed."

The legislative intent is determined to be such as to require that the special restrictions of the warrant section be applied only to the dwelling house itself and not the outbuildings which are not resided in.

Defendants' motions are denied.